Meyer agt. Fiegel.

# N. Y. SUPERIOR COURT.

## SIGMUND T. MEYER, and another agt. HARRIS FIEGEL, and another.

A *new trial* will be *granted* in the following cases, where it is moved for in time.

1. If evidence material to the verdict, during the progress of the trial, was either improperly received or rejected.

2. If the judge has misdirected the jury, or omitted to direct them at all, on some point of law material and relative to the case.

3. Where the judge is disqualified by reason of pecuniary interest in the subject matter before the court.

4. If the successful party, or any officer of the court, or the jury have been guilty of gross misconduct.

5. If a mistake has been made in entering the verdict.

6. If the damages awarded are glaringly excessive or palpably insufficient.

7. Where it is made out that the verdict was by surprise, or that new material evidence has been discovered subsequent to the trial.

8. Where the verdict was procured by fraud, perjury or conspiracy.

9. Where the verdict is manifestly against the weight of evidence.

10. Generally, upon satisfying the court that there has been a miscarriage of justice.

11. Cases of false verdicts, without corruption or bad intentions of the juries—they may have heard too much ot the case before the trial, and imbibed prejudices, without knowing it.

12. Where the case may be intricate, and the jury have been so long engaged in it, as to distract and confound their attention. Most generally verdicts include legal consequences as well as propositions of fact, and in drawing inferences from facts, the jury may mistake and infer directly contrary to law.

In this case, a new trial was *denied* on the ground that the evidence which was claimed to be newly discovered, was not in fact newly discovered, because, 1st the source of it was known in the transaction from the start, and during the two former trials. And, 2d, the evidence thus sought, if given, would be entirely immaterial.

*Special Term, February*, 1870.

MOTION for a new trial, on the ground of newly discovered evidence.

BENEDICT and BOARDMAN, *for defendants*.
JOHN A. GODFREY, *for plaintiffs*.

McCUNN, J.—After examining closely all the testimony taken on the trial in this case, I am prepared to say that a new trial should not be granted upon newly discovered evidence. I am well aware that trials at *nisi prius* could not subsist without the power somewhere to grant new trials. If an erroneous judgment is given on a question of law, there are many ways of reviewing it. When a judge commits error in examining questions of fact placed before him through depositions, affidavits, or the like, there are many ways by which he can be reviewed and set right; but a general verdict can only be corrected by granting a new trial, which is no more than having the case more deliberately considered by another jury; but this can only be done according to prescribed rules of law, and when there is a reasonable doubt—or if you please—a certainty, that justice has not been done.

The court will grant a new trial if evidence material to the verdict, during the progress of the trial, was either improperly received or rejected; if the judge has misdirected the jury, or omitted to direct them at all, on some point of law relative to the case, or where he is disqualified by reason of pecuniary interest in the subject-matter before the court; if the successful party, or any officer of the court, or the jury, have been guilty of gross misconduct; if a mistake has been made in entering the verdict; or if the damages awarded are glaringly excessive or palpably insufficient. It is also deemed good ground for requiring that the issues should be submitted to another jury, if it is made out that the verdict was by surprise, or that new evidence, discovered subsequent to the trial, is now available to the applicant; or that the verdict was procured by fraud, perjury, or conspiracy, or was manifestly against the weight of evidence; or was perverse, and generally upon satisfying

the court that there has been a miscarriage of justice, remediable by a new trial, it will be granted, if moved for in time. It must be remembered, however, that whilst it is a principle with our courts that failure of justice should be corrected, and its perfect administration secured, yet there is another important object which judges should not lose sight of, and that is, causes should be determined promptly and finally. There are other instances when new trials will be ordered—cases of false verdicts, without corruption or bad intentions of the juries. They may have heard too much of the case before the trial and imbibed prejudices without knowing it; the case may be intricate and they so long engaged in it as to distract and confound their attention. Most generally verdicts include legal consequences as well as propositions of fact. In drawing inferences from the facts the jury may mistake, and infer directly contrary to law. If unjust verdicts, obtained under these circumstances, were to be conclusive forever, the rights of civil property, under this mode of trial, would be precarious and unsatisfactory. Therefore, it is absolutely necessary to the ends of justice that there should be opportunity for considering cases by way of new trial. Indeed, the law has so watchful an eye to the pure and unbiassed administration of justice that it will never trust the passions of mankind in the decision of right.

In the case now before me the plaintiff seeks for a new trial upon one, and perhaps the most simple, of the propositions or causes I have laid down above, to wit, on the ground of surprise; and that he has discovered evidence since the trial which is material, and which is now available. I am not for granting a re-trial of the issues on these grounds, for, upon a close inspection of the evidence of the defendant Fiegel in regard to what he told the boy when he brought the letter of the 26th of August, 1864, it will be seen that his statements to said boy were entirely immaterial, because the status of the contract and of the parties was fixed

Meyer agt, Fiegel.

before, by the note or order of the twenty-third of same month, given by defendant in the store of plaintiff for the wire, and upon the strength of which plaintiff ordered the goods. I am averse to subjecting parties in a cause to unnecessary expense and delay by instituting an inquiry in regard to an incidental or immaterial fact or circumstance, which may happen to lie in a state of uncertainty, unless such fact or circumstance was so manifestly and necessarily material that justice could not be satisfactorily administered until it was distinctly ascertained. This can only be the case when the uncertain fact is of such a nature that if found adverse to the party who would be otherwise entitled to a decision it should turn the scale. Supposing the evidence of the boy taken, and the uncertainty of what he might say removed, and the fact, if material at all, to be in favor of the defendant, to insist upon such a course of granting new trials for such trifles; to intercept the regular course of judgment, and insist upon grasping at every opportunity of finding some individual who would testify to some fact that would warrant a contrary judgment than the one rendered, when there is ample room to dispose of the whole question upon great and leading principles, as I will show in this case there is, would be productive of the most serious inconvenience and the most unnecessary expense. I know it may be said that there is little impropriety in hearing each of the contending parties, and in deciding upon argument that one or other is entitled to an absolute decision, or that the justice of the case is so essentially connected with, and dependent upon the uncertain fact, as to preclude the exercise of an adequate judgment upon the merits until that uncertainty is removed; yet the requiring of a second trial upon a supposed confession of what a witness could say if on the stand, when a small degree of patient attention to the merits would produce a complete explanation and show the proposed testimony to be entirely irrelevent and immaterial, is still more

repugnant to the regular administration of justice. I am therefore opposed to granting a new trial upon the newly discovered evidence for two reasons: 1st. It is not newly discovered evidence, because this boy was known in the transaction from the start, and during the two former trials. 2d. The evidence which he might give as to what defendant Fiegel said when he, the boy, delivered the note is entirely immaterial. *En passant.* I am quite clear, as the proof stands before me, that the learned justice who tried this cause, would have been justified after the proof was closed in ordering judgment for plaintiff. Because mark the facts as I detail them:

The defendant on the 23d of August, 1864, gives the following order to the plaintiffs, who are the agents of the wire.

"OFFICE OF S. S. & A. T. MEYER, AGENTS, &C.,
401 BROADWAY, NEW YORK,
August 23, 1864.

GENTLEMEN.—Please to enter for me on your order book, 25 barrels of Washburn & Moen's glazed wire, at the rate of 77 for 18, 3 per cent discount.

Respectfully yours,
FIEGEL & STRAUSS."

This order was given in plaintiffs store, by defendant in person. Plaintiffs order the wire occordingly and was charged with it by the manufacturers. The moment plaintiffs did order the wire the contract was complete, and it was not necessary for them (plaintiffs) to send the letter of the 26th by the boy, and consequently what may have passed between defendant and the boy who brought the letter was wholly immaterial: besides all that he (the defendant) said to the boy or messenger who brought the letter, in the absence of plaintiffs, should have been ruled out. Now, Mr. Fiegel, the defendant says that he went to the store of the

plaintiffs, and ordered the wire, as I have stated. Moreover, he testifies that nine of twenty-five barrels were delivered and accepted by him, and that he refused to take the other sixteen barrels; and I hold, upon this state of facts, it is of no earthly consequence whether the second note was sent by plaintiffs to defendant at all, or what he (defendant) said to to the boy when it was delivered. The contract, by his own showing, was a complete contract, without the letter of the 26th, and he should have been made to stand by it.

I do not, however, deem this question before me on this motion, and as I have stated, I am averse to disturbing the verdict at circuit, because I would only be reviewing or interfering with questions paased upon by another judge—a judge exercising precisely the same powers as myself, and sitting in a coordinate branch of this court; and I have always held that such interference by the judge at chambers or at special term, is unwarranted; holding that the general term is the only place to correct errors committed either at circuit, chambers, or special term. For these reasons I deny, *pro forma*, a new trial on the grounds of error committed at circuit, and I allow this question to go to the court in *banco*, and I deny absolutely a new trial on the grounds of newly discovered evidence.