## DAVIS v. GRAND RAPIDS FIRE INS. CO.

(Supreme Court, Appellate Division. Fourth Department. June 17, 1896.)

NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—LACHES.

A motion for a new trial on the ground of newly-discovered evidence will be denied where eight months have elapsed, without explanation, since the discovery of the new evidence, and seven months since the entry of judgment, during which time the evidence was used in other actions between the same parties.

Appeal from superior court of Buffalo, special term.

Action by Isaac Davis against the Grand Rapids Fire Insurance Company, Grand Rapids, Mich., on a fire insurance policy. From an order denying defendant's motion for a new trial on the ground of newly-discovered evidence, defendant appeals. Affirmed.

For decision on motion to tax costs, see 36 N. Y. Supp. 791.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Adelbert Moot, for appellant.
Moses Shire, for respondent.

PER CURIAM. This is one of five actions brought upon various policies of insurance, against the several companies which issued the same, to recover the losses the plaintiff claims to have sustained in consequence of the destruction by fire of a stock of clothes and clothing in the city of Buffalo on the 10th day of November, 1893. This particular action was tried in the Buffalo superior court in February, 1895, and resulted in a verdict for the plaintiff. At the same term a motion was made upon the minutes of the court for a new trial upon the various grounds specified in section 999 of the Code of Civil Procedure, which was denied, and judgment for damages and costs was entered upon the 5th day of April, 1895. Upon the 29th day of April an appeal was taken from such judgment, and from the order denying the defendant's motion for a new trial, to the general term of the superior court, where an affirmance was had in the month of December following, and thereupon an appeal was taken to the court of appeals, which is still pending. The more material portion of the newly-discovered evidence which is set out in the moving affidavits was discovered as early as March 1, 1895, and it appears to be more or less material to the issues tried; but whether it is of such a character as to justify the conclusion that it would probably have changed the result, could the defendant have had the benefit of it upon the trial, is somewhat problematical, inasmuch as it appears that since its discovery two additional actions have been tried, with the result that the plaintiff succeeded in one of them, and the defendant in the other. But, whatever view may properly obtain as to this feature of the motion, we feel constrained to affirm the order appealed from, upon the ground of laches on the part of the defendant; for it appears that this motion was not made until November, 1895, which was more than eight months after the additional evidence is claimed to have been discovered. During this interim the defendant had

had the opportunity of weighing its effect upon the minds of the jury in the two cases adverted to, and it was not until the second of those cases had been tried, and a result reached favorable to the defendant, that any effort was made to obtain a copy of the minutes of the evidence of the newly-discovered witnesses, upon which to found the defendant's motion. In the meantime the defendant had elected to appeal from the order denying its motion for a new trial, and from the judgment entered thereon, and this appeal was argued at the general term before the motion for a new trial upon the ground of newly-discovered evidence was brought to a hearing. We do not overlook the fact that there is much in the evidence in this case to warrant the inference which the defendant seeks to draw therefrom, but at the same time we are reminded that it has received careful consideration at the hands of an impartial jury, whose conclusion thereon the trial court found no occasion to disturb, and that the same judge who presided at the trial has likewise determined that the newly-discovered evidence was not of such a character as to justify him in granting a new trial. In view of all these circumstances, but more particularly, by reason of the defendant's delay in bringing the motion to a hearing until after judgment had been entered, we think the order appealed from should be affirmed. Sheldon v. Stryker, 27 How. Prac. 387; Peck v. Hiler, 30 Barb. 656; Fisher v. Corwin, 35 Hun, 253.

Order affirmed, with costs. All concur, except HARDIN, P. J., not voting.