RILEY v. UNITED STATES TITLE GUARANTY & INDEMNITY CO.

(Supreme Court, Appellate Term. July 6, 1909.)

1. NEW TRIAL (§ 99*)—NEWLY DISCOVERED EVIDENCE—DISCRETION.

Motions for a new trial for newly discovered evidence are within the sound discretion of the court, and depend on whether substantial justice has been done, whether the evidence, though cumulative, is of such a character that it is likely to produce a different result, and whether the moving party has shown sufficient diligence in procuring it.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 200–209; Dec. Dig. § 99.*]

2. NEW TRIAL (§ 108*) — NEWLY DISCOVERED EVIDENCE — SUFFICIENCY TO CHANGE RESULT.

Plaintiff sued for commissions for procuring a building loan of $20,000; defendant resisting on the ground that plaintiff sought to attach a condition, not within the terms of his employment, that plaintiff should name the builder to be employed, and for this reason the loan was not made. At the trial plaintiff denied that he had insisted on any particular builder, and the court charged that if he had he could not recover. After verdict for plaintiff, defendant applied for a new trial for newly discovered evidence, consisting of a letter written by plaintiff to the owners, who were to borrow the money, inclosing an estimate by the S. Company, and reciting that he desired the S. Company to build the building, and that, "before the check for $20,000 is forthcoming, I desire you to accept said estimate, providing I supply you with the necessary funds for building, $20,000." The letter was lost at the time of the trial, and was only discovered shortly before the motion. *Held*, that

such letter might have led the jury to a different finding, and that the court's denial of the motion was an abuse of discretion.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 226, 227; Dec. Dig. § 108.*]

Appeal from City Court of New York, Trial Term.

Action by Elwyn G. B. Riley against the United States Title Guaranty & Indemnity Company. From an order of the New York City Court denying defendant's motion for a new trial for newly discovered evidence, it appeals. Order reversed, and motion granted.

See, also, 117 N. Y. Supp. 976.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Hirsch & Rasquin (Fred W. Buermeyer, of counsel), for appellant. E. Mortimer Boyle, for respondent.

GILDERSLEEVE, P. J. The plaintiff sued for commissions for procuring a loan of $20,000 on real estate owned by Sexauer & Lemke. Defendant hired plaintiff to procure such loan, and claims that, after an agreement had been made whereby plaintiff's mother was to make a building loan of $20,000, plaintiff suddenly insisted on naming the builder, and made that a condition of making the loan, which condition was not within the terms of plaintiff's employment, and with which new condition defendant refused to comply, so that no contract was made. At the trial plaintiff denied that he interposed this new condition or insisted upon any particular builder. The case was tried, and the jury found for plaintiff. The defendant made a motion for a new trial upon the ground of newly discovered evidence, which motion was denied, and defendant appeals from the order entered thereon.

Motions for a new trial upon the ground of newly discovered evidence are addressed to the sound discretion of the court, who seeks to determine whether substantial justice has been done, and whether such evidence, cumulative or not, is of such a character that it is likely to produce a different result upon a new trial, and whether the moving party has shown sufficient diligence in procuring such evidence. Barrett v. Railroad Co., 45 N. Y. 628; Keister v. Rankin, 34 App. Div. 288, 54 N. Y. Supp. 274; Hess v. Sloane, 47 App. Div. 585, 62 N. Y. Supp. 666. In the case at bar the newly discovered evidence consists of a letter written by plaintiff to the said Sexauer & Lemke, the owners, for whom defendant was preparing the loan, which letter Sexauer & Lemke were unable to find at the time of the trial, but have recovered the same subsequent to the trial, and which letter is now procurable by the defendant, who seems to have shown reasonable diligence. The letter is as follows:

"Enclosed herewith you will find building estimate rendered by L. W. Seaman & Son Company, the well-known Brooklyn and Long Island builders. As you must imagine, it is necessary for me to know that money provided for building loans is utilized for building purposes. Therefore I desire that the L. W. Seaman & Son Company shall build the factory that you propose to construct at the corner of Hamilton and Noble streets. Before the check

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for $20,000 is forthcoming, I desire you to accept said estimate, providing I supply you with the necessary funds for building, $20,000. It may be of interest to you to know that the above-mentioned company constructed the Y. M. C. A. Building, Pratt Institute, Adelphi College, Orpheum Theater, and the B. R. T. various shops and power houses. Kindly notify me immediately concerning the above, and oblige.

"Yours truly, E. G. B. Riley."

The object of introducing this letter would be to contradict plaintiff's denial at the trial of defendant's claim that he had insisted upon naming the builder, and that negotiations were broken off and no final meeting of minds brought about by reason of such condition interposed by plaintiff, which condition, as we have seen, was not in the instructions of employment given by defendant to plaintiff to procure the loan. At the trial the court charged the jury on this subject as follows:

"If, however, you believe that the defendant was ready and willing to accept the loan of $20,000, as they claim, upon the terms and conditions that they had agreed upon, and that there was outstanding the question of who should be the builder, and that the plaintiff refused to accept any other builder than Mr. Seaman, and that on that account he refused to make the loan of $20,000, then and in that event your verdict must be for the defendant."

This letter, it will be remembered, was sent to the owners, not to defendant, and although it appears to have been lost a long time, as it was written on January 31, 1907, still the defendant does not seem chargeable with negligence in failing to procure it at the trial. It seems to be undisputed that a sharp issue was presented at the trial as to whether or not plaintiff insisted upon naming the builder, and, in view of the charge of the court, above quoted, to which no exception was taken, the question was clearly regarded as important and even controlling. We are inclined to think that the letter, above quoted, might have led the jury to a different finding upon the question under consideration, and consequently might have produced a different result at the trial, and that it was error for the court below to deny the motion.

Order reversed, with costs, and motion granted, with $10 costs. All concur.