The court submitted to the jury the question whether defendants were actually dissatisfied, or whether their expressed dissatisfaction, if any, was a mere subterfuge, and the jury found in plaintiff's favor. I find nothing in the record to justify the evident opinion of the learned trial judge that the verdict was against the weight of evidence to such an extent as to warrant the belief that the jury was improperly influenced by external considerations. See Wagner v. H. Herrmann Lumber Co. (Sup.) 121 N. Y. Supp. 607.

Moreover, although appellant's counsel does not urge the question on this appeal, his exceptions to the charge clearly raise the point that, under the language of this contract, defendants were not entitled to discharge the plaintiff merely because *they* were dissatisfied with his work. In none of the leading cases on this subject has language of so dubious import as that in the contract in the case at bar been held to constitute an agreement on the part of the plaintiff to condition his employment upon the satisfaction *of his employer;* and I have, to say the least, serious doubt whether this contract should be so construed. See, for example, Crawford v. Mail & Express Co., 163 N. Y. 404, 57 N. E. 616; Ginsberg v. Friedman, 146 App. Div. 779, 131 N. Y. Supp. 517; Diamond v. Mendelsohn, 141 N. Y. Supp. 775, Appellate Division, First Department, May 16, 1913; Haehnel v. Trostler, 54 Misc. Rep. 262, 104 N. Y. Supp. 533.

Order reversed, with costs, and verdict reinstated, with costs. All concur.

---

(81 Misc. Rep. 241.)

### BOVE v. CROTON FALLS CONST. CO.

(Supreme Court, Appellate Term, First Department. June 24, 1913.)

TRIAL (§ 333*)—VERDICT—DEPARTURE FROM COMPLAINT.

    In an action upon an account stated, where the evidence showed that the parties had agreed upon the several items of the account, but had, by a mistake in addition, made the total greater than the sum of the items, and the plaintiff sued for this total before discovering the mistake, it was error to set aside, on the ground of departure from the complaint, a verdict in favor of the plaintiff for the correct sum of the items.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 784, 786; Dec. Dig. § 333.*]

Appeal from City Court of New York, Trial Term.

Action by Angelo Bove against the Croton Falls Construction Company. The City Court set aside a verdict in favor of plaintiff, and he appeals. Reversed, and verdict reinstated.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

Simmons & Harris, of New York City (Maxwell S. Harris, of New York City, of counsel), for appellant.

O'Brien, Boardman & Platt, of New York City (Livingston Platt, of New York City, of counsel), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SEABURY, J. This action is upon an account stated. The account consisted of a large number of items. The total amount was stated to be $1,697.49. The items of the account were not correctly added, and should have been stated to be $1,581.49, instead of $1,697.-49. The evidence shows that the parties went over the account item by item, and agreed upon each item, and, acting upon the belief that the sum of the several items had been correctly stated, a balance of $1,697.49 was struck. Upon the trial the error in addition was discovered, and the jurors, after deliberating upon the issues, asked the court if they might find a verdict for the correct amount. The court charged the jury that they might find a verdict for either sum. The jury returned a verdict in favor of the plaintiff for $1,581.49. The court set the verdict aside, on the ground that it was error to permit the jury to find a verdict for $1,581.49, since the amount of the balance alleged to be due in the complaint was $1,697.49, and ordered a new trial. From the order entered upon that decision, plaintiff appeals to this court.

We think that the learned court below erred in setting aside the verdict of the jury. The account upon which the plaintiff sued did not consist merely of the balance appearing at the foot of the account. It consisted of several items, each of which was carefully gone over by the parties, and the obvious intent of the parties was to agree upon the correct sum of these items as the amount of the balance due from the defendant to the plaintiff. The fact that there was an error in calculating the sum of the items did not preclude the plaintiff from suing upon the account which had been stated between the parties, nor did it give the plaintiff the right to recover from the defendant a greater sum than the parties had, in fact, agreed upon. The view taken in the court below that the balance struck was $1,697.49, and that the plaintiff was confronted with the alternative of getting a verdict for this amount, which was more than he was entitled to, or nothing at all, involved too strict and literal an interpretation of the meaning of an account stated. The items having been agreed upon, it is clear that the balance which the parties intended to be stated was the correct sum of the items. The error in addition did not change the character of the account stated, nor did it oblige the plaintiff to take a verdict for more than he was entitled to receive, or else to have his complaint dismissed. The correct sum of the items was the substance of the account, and represented the amount which the parties, in fact, agreed should represent the balance. The claim of the respondent is an attempt to magnify an error in the calculation of the account, which has no relation to its substance, into a barrier which shall preclude the plaintiff from recovering the correct amount of his claim. The respondent could in no way be prejudiced by the fact that the jury rendered a verdict against it for $1,581.49, the correct amount, instead of $1,697.49, the amount incorrectly claimed in the complaint to be due.

The order appealed from is reversed, with costs, and the verdict of the jury is reinstated, with costs to the appellant. All concur.