(82 Misc. Rep. 202.)

## BOVE v. CROTON FALLS CONST. CO.

(City Court of New York, Trial Term. September, 1913.)

1. NEW TRIAL (§ 99*)—GROUNDS—EVIDENCE.

Newly discovered evidence is not ground for a new trial, where it is not material and would not probably produce a different verdict.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 201, 207; Dec. Dig. § 99.*]

2. NEW TRIAL (§ 99*)—GROUNDS—NEWLY DISCOVERED EVIDENCE.

To constitute ground for new trial, newly discovered evidence must have been discovered since the trial, and not have been obtainable upon the former trial by the exercise of reasonable diligence and must be material to the issue, not merely impeaching, and so decisive in character that there is a reasonable certainty that on another trial it would change the result.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 201, 207; Dec. Dig. § 99.*]

Action by Angelo Bove against the Croton Falls Construction Company. Motion for new trial denied.

Simmons & Harris, of New York City (Maxwell S. Harris, of New York City, of counsel), for plaintiff.

Reed & Pallister, of New York City (Claude V. Pallister, of New York City, of counsel), for defendant.

LUCE, J. At the close of the trial the motion to set aside the verdict of the jury in the plaintiff's favor was entertained, and after the examination of the able briefs the motion was granted because of an error in the charge. N. Y. L. J., March 29, 1913. Upon appeal this order was reversed, and the verdict reinstated. 81 Misc. Rep. 241, 142 N. Y. Supp. 531.

[1] The defendant now moves for a new trial upon newly discovered evidence, consisting of the testimony of two witnesses not sworn upon the trial. There were two interviews between the parties; both agree the first one occurred at the defendant's Brooklyn office. The plaintiff claims the second interview also occurred at the defendant's Brooklyn office; the defendant claims it occurred at its office in Croton Falls or Brewster. The plaintiff claims the account was stated at the second interview; the defendant denies the account was ever stated. The new witnesses are to testify to what occurred at the first interview in Brooklyn, an interview concerning which there is but little dispute. Their testimony would be chiefly corroborative of facts having small bearing on the issues and but little disputed. The new evidence could not therefore have any material effect upon the result of the trial. To warrant granting this motion it must appear that with this new evidence before the jury a different result could be expected. Keister v. Rankin, 34 App. Div. 288, 54 N. Y. Supp. 274.

[2] To constitute a case for a new trial upon the ground of newly discovered evidence it must appear: (1) That the evidence has been discovered since the trial; (2) that the evidence could not have been ob-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tained upon the former trial by the exercise of reasonable diligence; (3) that the evidence is material to the issue; (4) goes to the merits of the case, and not merely to impeach a former witness; (5) is so decisive in its character that there is a reasonable certainty that on another trial it would change the result. Bishop v. Kingston Gas & Elec. Co., 147 App. Div. 920, 131 N. Y. Supp. 1039; Riley v. United States Title Guar. & Indemnity Co. (Sup.) 117 N. Y. Supp. 974; Baylies N. T. & App. (2d Ed.) 567–569. All these five elements must be found in the newly discovered evidence before the granting of a new trial. The main issue in the trial was, and on a new trial must be, was there an account stated? If so, when and where? This new evidence would throw no light upon either of those points; would render the jury no assistance in answering either question. It lacks two of the required elements—is not material; would not produce any different result upon the new trial. The motion is denied, with $10 costs.

Motion denied, with $10 costs.