POSTAL TELEGRAPH CABLE COMPANY, Plaintiff, *v.* CITY OF JAMESTOWN, Defendant.

(Supreme Court, Chautauqua Special Term, March, 1921.)

New trial — newly discovered evidence — when motion for a new trial denied — evidence — judgments.

New trials are granted because of newly discovered evidence for the purpose of giving to a party the benefit of evidence of which he was unaware at the time of the pleadings or trial, not for the purpose of permitting a defendant to needlessly drag out a controversy.

The essential characteristic of newly discovered evidence is that it was unknown at the time of pleading or trial, and has come to light since.

Where the judgment in favor of plaintiff in an action against a municipality has been unanimously affirmed by the Appellate Division and leave to appeal has been denied both by the Appellate Division and the Court of Appeals, the plaintiff should not be put to the trouble and expense of a new trial simply because the defendant was unable to produce evidence, a part of its public records, of which it knew when it put in its answer and had within its control, and a motion for a new trial upon the ground of newly discovered evidence will be denied, with costs.

MOTION for new trial on the ground of newly-discovered evidence.

Ernest Cawcroft, for motion.

James O. Moore, opposed.

WOODWARD, J. This action was originally commenced in April, 1915. It was discontinued and a new action commenced on the 6th day of September, 1917. The action came on for trial in December, 1918, resulting in a judgment in favor of the plaintiff, entered

Supreme Court, March, 1921. [Vol. 114.

upon the findings of fact and conclusions of law made by the court. The defendant appealed to the Appellate Division of the Supreme Court, where the judgment was unanimously affirmed. An application was made to the Appellate Division for permission to appeal to the Court of Appeals and denied, and a like result followed an application made to the Court of Appeals.

With a judgment thus finally approved by all the courts having jurisdiction within the state of New York, the defendant in November, 1920, moved this court for a new trial on the ground of newly-discovered evidence, and the question here under consideration is whether or not that motion should be granted.

The proceedings of the common council on June 24, 1894, which is the alleged newly-discovered evidence, contain the following paragraph, upon which the defendant relies to overturn the result deliberately reached in this action: " It is understood that some of the poles which are to be set by said applicants are to take the places of poles now used by the City, and that such poles are to be carefully taken down and taken away by the said companies to such part of the City as its officers shall direct, and the wires shall be carefully strung and set upon the poles and on each and all the poles set under this permit and the City shall have the right to attach any municipal wire used by it for any purpose, and that the City shall have the right to use for such purpose the upper two feet of each and every said pole."

Just how this could aid us in determining that the plaintiff agreed that the defendant should have such use without compensation, does not clearly appear. This question was fully considered upon the trial; the determination made upon the whole evidence, and if this alleged new evidence had appeared in the case

it is not at all certain that it would have changed the result. Of course it might have opened the way to further evidence, but that is not suggested in the moving papers, and it seems very doubtful, as we recall the evidence, whether the matter now brought forward would have had any appreciable effect upon the issues determined.

But is this newly-discovered evidence entitling the defendant to the privilege of a new trial? The defendant's answer alleges that " long prior to the commencement of this action, an agreement was entered into by and between the parties to this action by which each agreed to afford the other reciprocal use of poles, and being the poles or a portion of the poles referred to in the complaint, and the agreement, if not signed by this plaintiff, was signed by a corporation to whose rights in the poles referred to in the complaint, or some of them, this plaintiff succeeded." This evidently referred to the matter now urged as newly-discovered evidence, but the essential characteristic of newly-discovered evidence is evidence which was unknown at the time of the pleading or trial, and which has come to light since that time. A thing cannot be newly discovered which is already fully known. The defendant knew about this evidence at the time it put in its answer; it was a part of the public records of the city of Jamestown—a part of the proceedings of its common council which the law requires to be published and preserved — and the fact that it was not found upon a more or less careful search does not give it the character of newly-discovered evidence. New trials are granted because of newly-discovered evidence for the purpose of giving to a party the benefit of evidence of which he was unaware at the time of the pleadings or trial, not for the purpose of permitting a defendant to needlessly drag out a con-

Supreme Court, March, 1921. [Vol. 114.

troversy, and the fact that this evidence was found long after the determination of the case, both upon the trial and the appeals, is not calculated to move the court to grant the motion for a new trial. The evidence was not only known to the defendant at the time of entering its pleadings, but it was actually in the defendant's custody and control and a reasonably diligent search must have discovered it to the person making such search. It was the duty of the city clerk to have had such a record where it was available. The law presumes that duty to have been discharged, and the plaintiff having succeeded in establishing its cause of action, and maintaining it through the appeals, should not be put to the trouble and expense of a new trial simply because the defendant was unable to produce the evidence which it concededly knew about and had within its control.

In *Fisher* v. *Corwin,* 35 Hun, 253, Mr. Justice Barker declared that the " practice has been, before and since the adoption of the first Code, not to entertain motions of this character after appeal from final judgment. The current of the decisions are not to entertain the motion after the entry of judgment, and it was so held in *Jackson* v. *Chase* (15 Johns. 354) ; *Rapelye* v. *Prince* (4 Hill, 125) ; *Sheldon* v. *Stryker* (27 How. Pr. 387) ; *Peck* v. *Hiller* (30 Barb. 656) ; *Nash* v. *Wetmore* (33 id. 155) ; *Lawrence* v. *Ely* (38 N. Y. 42)." See, also, *Davis* v. *Grand Rapids Fire Ins. Co.,* 7 App. Div. 403, 405, and authorities there cited.

The motion should be denied, with costs.

Motion denied, with costs.