BUFFALO COLD STORAGE COMPANY, Respondent, *v.* CHESTER M. HARDING, JR., as Administrator, etc., of NAPOLEON B. BACON, Deceased, Appellant, Impleaded with HERSCHEL M. BACON, Defendant.

Fourth Department, December 23, 1925.

Trial — new trial — action by judgment creditor to set aside mortgage on ground that it was fraudulently given to cover judgment debtor's property — motion for second new trial on ground of newly-discovered evidence — new evidence consists of testimony by mortgagor that his testimony on first trial as to valuable consideration was false — mortgagor's recantation was known at time of first new trial but he was not produced though available — issue was raised on original trial, on first new trial, and on mortgage foreclosure and determined adversely to plaintiff — evidence will not affect result — new trial denied.

A second new trial of an action by a judgment creditor to set aside a mortgage executed prior to the entry of the judgment on the ground that it was given fraudulently, without consideration, for the purpose of covering the mortgagor's property, will not be granted on the ground of newly-discovered evidence consisting of the recantation by the mortgagor of his testimony on the original trial to the effect that the mortgage was given for a valuable consideration, since it appears that the issue was raised on the original trial and determined adversely to the plaintiff, and was raised also in the mortgage foreclosure proceedings and was again raised on the first new trial and was, for a third time, determined adversely to the plaintiff at which trial the mortgagor, though available, was not produced, and since it further appears that the testimony by the mortgagor will not change the result because the history of his conduct demonstrates that his testimony cannot be given any weight.

CROUCH and TAYLOR, JJ., dissent.

APPEAL by the defendant, Chester M. Harding, Jr., as administrator, etc., from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Orleans on the 31st day of December, 1924, granting a new trial on the ground of newly-discovered evidence.

*Albert C. Burrows* [*Herbert A. Heminway* of counsel], for the appellant.

*Norton Brothers* [*Lester Beitz* of counsel], for the respondent.

CLARK, J.: .

This action was begun in June, 1905. Plaintiff recovered a judgment against the defendant Herschel M. Bacon in June, 1903, for $10,830.79. That judgment has been kept in life and no part thereof has been paid. After an execution issued on said judgment had been returned unsatisfied this action was begun to set aside and have declared fraudulent and void a certain mortgage dated

June 24, 1902, which was executed by defendant Herschel M. Bacon and wife to his uncle Napoleon B. Bacon, covering the premises described in the mortgage which was given to secure the payment of $7,000 and interest two years from the date of the mortgage.   Said mortgage was recorded in the Orleans county clerk's office on the 3d day of February, 1903.   It is the claim of plaintiff that this mortgage was given by Herschel M. Bacon and received by the mortgagee for the purpose of covering up and concealing the property of the mortgagor and delaying plaintiff in the collection of its judgment against Herschel M. Bacon, and that the mortgage was fraudulent, null and void.

The case was tried before the late Justice John M. Davy as referee.   Both defendants, Napoleon B. Bacon and Herschel M. Bacon, appeared, answered and testified before said referee that the mortgage in question was given for a valid consideration and without the intent to cheat and defraud the creditors of Herschel M. Bacon.   Referee Davy, after due consideration, decided that the mortgage was valid and dismissed the complaint as against the defendant Napoleon B. Bacon.   Thereafter Napoleon B. Bacon, the mortgagee named in said mortgage, commenced an action to foreclose it.   This plaintiff was made a party defendant and answered, setting up as a defense that said mortgage was given by Herschel M. Bacon and received by the mortgagee with the intent to place the property of the mortgagor beyond the reach of his creditors and to cheat and defraud them.   After issue was thus joined the attorneys for the parties entered into a stipulation to the effect that if the judgment rendered in the plaintiff's action against the Bacons, which had been tried before Referee Davy, was finally affirmed on the appeal then pending, the plaintiff in the foreclosure action (Napoleon B. Bacon) could apply at Special Term for judgment of foreclosure and sale in that action.

The record shows that subsequently the judgment entered on the report of Referee Davy was affirmed in the Appellate Division (*Buffalo Cold Storage Co. v. Bacon*, 123 App. Div. 916) and in accordance with the terms of the above stipulation judgment was entered in the foreclosure case.   The property described in the mortgage was sold at foreclosure sale and the sale was confirmed and no appeal was ever taken from the foreclosure judgment and it is valid and subsisting to-day.

On or about August 18, 1909, plaintiff moved for a new trial on the alleged ground of newly-discovered evidence.   The new evidence consisted largely of an alleged confession made by Herschel M. Bacon to the effect that the evidence he gave on the trial before Referee Davy with reference to the consideration for the

Napoleon B. Bacon mortgage, heretofore referred to, was in the main false.   A new trial wa·' granted by the late Mr. Justice HOOKER and plaintiff amended its complaint alleging that said mortgage was fraudulent from its inception and asking that it be so adjudged and for judgment against the estate of Napoleon B. Bacon for the amount the premises had brought on foreclosure sale.   The defendant administrator of Napoleon B. Bacon's estate answered but Herschel M. Bacon did not and the case was sent to another referee, Mr. Stedman of Batavia, for trial.   After many hearings and long delays the new referee made his report in favor of the defendants and judgment was entered dismissing the complaint and that judgment was affirmed on appeal to this court in May, 1924.   (*Buffalo Cold Storage Co.* v. *Harding*, 209 App. Div. 846.) Then this motion was made by plaintiff for another new trial on the ground of newly-discovered. evidence and the motion was granted.

Whether or not the mortgage was made to defraud creditors was an issue in the foreclosure action in which plaintiff appeared as a defendant and answered.   That case went to judgment and it has never been modified, set aside or reversed and it remains in full force and effect.   That judgment should dispose of the issues raised by the pleadings and be conclusive as between the parties.   (*Campbell Printing Press & Mfg. Co.* v. *Walker*, 114 N. Y. 7; *Barber* v. *Kendall*, 158 id. 401; *Goldsmith* v. *Engs, Inc.*, 169 N. Y. Supp. 828.)

After the trial of this action before Referee DAVY and before the Stedman trial Napoleon B. Bacon died and his administrator was substituted as a defendant.

It was conceded on the second trial before Referee Stedman by plaintiff's attorney that Herschel M. Bacon was alive and resided in the county where the trial took place.   Counsel for plaintiff knew at that time that Herschel had made the alleged confession to his daughter.   Herschel was available as a witness on the second trial and no satisfactory reason is given why plaintiff did not call him.   Plaintiff after sitting supinely by and not attempting to procure the attendance of a witness whose testimony it now claims to be material and necessary and whose attendance could have been procured cannot now be heard to say that his testimony is newly-discovered evidence and would likely change the result on a new trial.   (*Postal Telegraph Cable Co.* v. *City of Jamestown*, 114 Misc. 689; *Thompson* v. *Welde*, 27 App. Div. 186; *Kurshan* v. *Heitner*, 203 N. Y. Supp. 435; *People* v. *Prime*, 208 App. Div. 445.)

Much stress is laid by plaintiff on the fact that the stub of an

$1,800 check given by Herschel M. Bacon to Napoleon B. Bacon on the 11th day of April, 1899, purports to show that the check was given as a payment on the farm.   Entries on stubs of bank checks are not the highest class of evidence and this one merely shows an entry made by Herschel which would tend to give the lie to the testimony he gave on the first trial.   If it has any value at all it is in line of establishing Herschel's dishonesty which nobody could dispute after reading the record, but I can see nothing to connect Napoleon B. Bacon with that stub entry in the handwriting of Herschel or that he had any knowledge of it.   Moreover, the alleged confession of Herschel M. Bacon to his stepdaughter does not ring true.   She testified in substance that at the time it was made he was ill and asked her to write it from his dictation. It is a long document covering some ten pages.   Then she testified in substance that because of the fact that it was in her handwriting, as was a letter she claims to have written for Herschel to Napoleon under like circumstances, Napoleon would pay no attention to them.   Whereupon Herschel, who she claimed was ill, copied these documents at length and the daughter and mother testified that they were subsequently read to Napoleon.   In that confession and letter Herschel repudiates the testimony he gave on the trial before Referee DAVY where he had testified that the $7,000 mortgage was given for a valid consideration.   Strangely enough these documents which the sick Herschel is claimed to have copied after he had dictated them to his daughter are not produced.   Take the evidence in this record all through, it indicates to my mind a purpose on the part of Herschel and his wife and daughter to get even with the administrator of Napoleon B. Bacon's estate because Napoleon did not submit to a holdup for a considerable sum of money, and the whole transaction of the alleged confession and writing the letter to Napoleon, the originals of which in the handwriting of Herschel, as his stepdaughter claims, cannot be found, looks suspicious.   The transaction, however, in no way involves Napoleon B. Bacon excepting in so far as he is involved by the testimony of Herschel's wife and stepdaughter and their evidence is in no way newly discovered for they both were present at the second trial and were witnesses in behalf of plaintiff.   This litigation has been pending for more than twenty years.   The plaintiff was the moving party.   It has actually had its day in court three times. Once in the trial before Referee DAVY, once in the foreclosure case where the issue as to whether the mortgage to Napoleon B. Bacon was given to defraud creditors of Herschel was squarely raised, and then again on the trial before Referee Stedman.   In every one of these litigations the decisions have been adverse to plaintiff's

contention.   The complaint has been dismissed twice and the decisions have as many times been affirmed in the Appellate Division.   The mortgagee, Napoleon B. Bacon, who knew all about the consideration for the mortgage, is dead.   His nephew, Herschel, who has testified all ways on this vital subject, is clearly not entitled to credit as a witness and I can see no reason to believe that the result would be changed in the slightest degree on a new trial.   The fact that Herschel now, and after the death of his uncle, says that he will testify directly contrary to his testimony heretofore given as to the consideration for the mortgage sought to be set aside brands him as wholly unreliable and untruthful.

The nature of the proof offered and on which the order for a new trial was granted is tainted with perjury and Herschel's belated desire to repudiate his previous testimony on the theory that it will right a great wrong and will ease his conscience is not impressive. There should be an end to this litigation some time and as plaintiff has had the issue of the validity of this mortgage which it seeks to set aside raised three times, twice before referees and once in the foreclosure action with decisions adverse to its contention each time it should not be granted permission to prolong the litigation indefinitely.   Plaintiff has not made out a case which entitled it to another trial.

The order granting a new trial should be reversed, with costs, and the motion denied, with costs.

HUBBS, P. J., concurs; SEARS, J., concurs on the sole ground that the newly-discovered evidence is not such as would probably affect the result; CROUCH and TAYLOR, JJ., dissent and vote for affirmance.

Order reversed on the facts, with costs, and motion denied, with costs.