LA VETRA, Plaintiff, *v.* FRATERNAL CLUB SICANIA, INC., Defendant.

City Court of New York, December 21, 1926.

**Trial — new trial — newly-discovered evidence — plaintiff recovered for injuries suffered in premises purported to be owned by defendant — defendant claimed third party held written lease, but failed to produce lease on trial — fact that lease can be produced on new trial does not warrant granting motion therefor, where defendant knew of its existence at former trial — motion for new trial not generally entertained after appeal from judgment.**

Defendant's application for a new trial, on the ground of newly-discovered evidence, in an action in which plaintiff recovered for injuries suffered on premises purported to be owned by defendant, must be denied where defendant's only claim to a new trial is predicated upon the fact that it now can produce a written lease showing that said premises were under the control of a third party, since it appears that, though defendant knew of the existence of the lease, it failed to produce it at the former trial.

Moreover, the defendant has appealed from the final judgment and the practice is not to entertain a motion for a new trial after appeal from the final judgment.

MOTION by the defendant for a new trial on the ground of newly-discovered evidence.

*Lewis A. Rosen,* for the plaintiff.

*Edwin J. Lukar,* for the defendant.

FINELITE, J.    It appears from the facts herein that the action was brought to recover damages for alleged injuries received from the falling of a ceiling in premises purported to be owned by the defendant; that the plaintiff was a tenant in said premises, occupying rooms on the top floor; that the roof became broken, the ceiling in one of the rooms of her apartment gave way because of this defect and she was injured; that previous to the alleged accident the defendant, which conducted a club on the ground floor of the said premises, had been informed that the ceiling and roof were out of repair, and although repeated promises had been made to repair same none had been done.    The defendant denied these facts, and claimed as a separate and distinct defense that the premises were leased to a third party under a written instrument, and evidence had been offered that said lease was in existence for a period of time, but no such lease was produced upon the trial of this action showing that the premises were under the control of a different party.    It appears further from the evidence that a previous accident had happened by reason of the broken roof and ceiling, and property had been damaged, which ceiling was repaired by the defendant at the defendant's own expense.    On the trial hereof an officer of the defendant attempted to testify as to the fact that the defendant had not possession of said premises, but that the same were under the control of a lessee under a written instrument, but he failed to produce such instrument. The case thereupon went to the jury, and after some deliberation a verdict was found in favor of the plaintiff for $390, inclusive of costs, not incommensurate with the injuries that the plaintiff had received.    A motion was then made to set aside the verdict, which motion was denied.    Thereupon the defendant's attorney made a further motion to set aside the verdict, as he now has possession of the lease which shows that the defendant was out of possession, and that possession was in a third party, and that a third party was liable, and not the defendant.    This was offered too late, after the rendition of the verdict.    The defendant's attorney admitted that he knew of the existence of this lease, and an officer of the defendant also knew of the existence of this lease, and also witnesses on behalf of the defendant further testified that the defendant was no longer in possession of said premises, but that the leasehold was vested in a third party.    The defendant now

moves for a new trial upon the ground of newly-discovered evidence, which is this lease in question, and claims that if said documentary evidence, to wit, the lease, had been produced at the trial the result thereof would have been altered, and that it can now be produced, and prays that substantial justice will be served by granting permission unto the defendant to offer and produce such evidence at this time. This is not newly-discovered evidence within the contemplation of law. To constitute grounds for a new trial the newly-discovered evidence must·have been discovered since the trial and have been unobtainable upon the former trial by the exercise of reasonable diligence, and must be material to the issue and not merely impeaching, and so decisive in character that there is a reasonable certainty that on another trial it would change the result. As the defendant knew of the existence of said lease, and presumably a duplicate was in its possession, and failed to produce it upon the trial of this action, it cannot now, at this late moment, claim that it would change the result if produced now. It has been decided in *Jones* v. *Lustig* (37 Misc. 834) that a party is bound and presumed to know the general point which will be litigated in his case, and if he omits to procure evidence which with ordinary diligence he might have procured in relation to those points upon the first trial his motion for a new trial for the purpose of introducing such testimony will be denied. A new trial is only granted in the most unusual circumstances. A new trial may be granted when it appears that such evidence which is now intended to be produced has been discovered since the trial, that it could not have been obtained before by the exercise of due diligence. (*Roberts* v. *Johnstown Bank*, 14 N. Y. Supp. 432; *Bove* v. *Croton Falls Const. Co.*, 82 Misc. 202.) Where the facts are known at or before the trial, but for some unexplained reason the evidence cannot be obtained in time for the trial such evidence, it has been held, is not newly discovered. The defendant knew of the existence of this lease since April 3, 1923; so, therefore, the defendant was cognizant of its existence and could have, by using some diligence, no matter how slight it may be, by a subpœna *duces tecum* or by a subpœna on the one that had the lease in his possession, have produced same on the trial hereof. The attorney on behalf of the defendant testified of the fact that he knew of his own knowledge that such lease was in existence; so, therefore, the court cannot say that this is a rather unusual circumstance on which to grant a new trial. (*White* v. *Benjamin*, 150 N. Y. 258; *Sylvan Mortgage Co.* v. *Young*, 188 N. Y. Supp. 516.) Mr. Justice LYDON has aptly said: " The granting of this motion was not warranted upon the ground of newly

discovered evidence, as the affidavits submitted on the motion fail to show any evidence that has been newly discovered. The newly discovered evidence now mentioned was in the possession of the defendant at the time of the trial, but he failed to produce it, or was estopped because he neglected to serve an order to produce." The court is informed that the defendant has appealed from the judgment as entered in this action, and in *Postal Telegraph Cable Co.* v. *City of Jamestown* (114 Misc. 689, 692), which was also a motion for a new trial upon newly-discovered evidence, Woodward, J., writing the opinion, and denying the motion, had this to say, in quoting from *Fisher* v. *Corwin* (35 Hun, 253) that Mr. Justice Barker declared that: " The practice has been, before and since the adoption of the first Code, not to entertain motions of this character after appeal from final judgment. The current of the decisions are not to entertain the motion after the entry of judgment, and it was so held in *Jackson* v. *Chace* (15 Johns. 354); *Rapelye* v. *Prince* (4 Hill, 125); *Sheldon* v. *Stryker* (27 How. Pr. 387); *Peck* v. *Hiler* (30 Barb. 656); *Nash* v. *Wetmore* (33 id. 155); *Lawrence* v. *Ely* (38 N. Y. 42)." (See, also, *Davis* v. *Grand Rapids Fire Insurance Co.*, 7 App. Div. 403, 405, and authorities there cited.) The motion for a new trial on the ground of newly-discovered evidence is denied. Settle order on one day's notice.