Frank E. Thomas, J.
The above-entitled filiation proceeding brought under article 8 of the Domestic Relations Law of the State of New York, was commenced by the complainant on June 22, 1953 and a subsequent trial of said matter was held before this court on March 10 and 16, 1954 and decision rendered by this court on June 14, 1954 in which the court determined that the defendant was the father of a child born out of wedlock to the complainant on October 4, 1953, and fixed the liability of said defendant for the confinement expenses, medical bills and payments for the support and education of said child in accordance with provisions provided in article 8 above referred to.
The matter came on before the court on November 8, 1956 on petition alleging that the defendant was in contempt of court by reason of failure to make payments for the support and maintenance of the said child. The defendant appeared through his attorney and his attorney stated that the defendant had made his payments until September of 1956 when it had come to the attorney’s attention that a witness produced by the complainant at the trial of the matter held on the dates above referred to, admitted that she had perjured herself in her testimony and had only testified on said trial in the interests of the complainant under threat and duress. The matter was adjourned for 10 days in order that the defendant’s counsel might take such steps in said proceeding as he deemed necessary for the protection of his client’s interests. Under date of November 19, 1956 the defendant through his counsel, made a motion to set aside the order of filiation herein and for a new trial on the grounds that the evidence set forth in affidavits accompanying the moving papers is newly discovered evidence and would have the effect of changing the result upon a new trial.
It appeared that the newly discovered evidence was the perjured testimony of the complainant’s witness, Anna Kosturik, and after hearing the argument on the motion and the counsel for both parties having stipulated and consented that the court enter an order directing said witness to appear before the court on the 3d day of December, 1956 in order that her sworn statement might be taken, and she being submitted to the proper cross-examination of complainant’s counsel.
On the 3d day of December, 1956 said complainant’s witness, Anna Kosturik, duly appeared and being duly sworn, denied that she knew the defendant and stated that the first time she ever *875 saw the defendant was when she appeared in court to testify; that her testimony on the trial of said matter was brought about through threats of the complainant that she would suffer bodily harm. After hearing the witness’ statement under oath and she then and there being subjected to a thorough cross-examination by the complainant’s counsel, the court entertained the motion made by the defendant’s attorney. The different steps are set forth clearly as this proceeding is unusual and original.
The court has reviewed the evidence taken at the time of the trial and the complainant’s evidence fixes the New Year’s Eve of 1952 going into New Year’s Day of 1953 as the time of the conception; that there was no sexual relation between the parties after that date. The complainant testified that she met the defendant at about 10 minutes of twelve midnight on that evening at a place called, “ Marcello’s that from there they went to another tavern by the name of Frohsinn’s, where they stayed until about 2:30 a.m. or 2:45 a.m. and then returned to Marcello’s for a few minutes, but that at about 3:00 a.m. they went to the complainant’s apartment, where the defendant stayed with her until about 5:30 a.m. The only corroborating evidence that the complainant had was the witness, Anna Kosturik, who testified that on the night in question she was taking- care of the complainant’s older boy, 10 years of age, and that she lived directly across the street from the residence of the complainant; that on the night in question one of her own children was seriously ill and that she was sitting in the front room at a window facing the complainant’s residence; that she remained there all night holding her sick child; that she saw the complainant go into the apartment with the defendant at about 3:00 a.m. and that the defendant stayed until 5:30 a.m. ; that the street lighting and other lights lit up the area so that it was bright and she could see them clearly. The witness’s testimony was strong and convincing and the court gave great weight to it in corroborating the complainant’s testimony. The defendant produced evidence to show that he was with another person by the name of Joseph Kosicky at about the time that the complainant claims he was with her at her apartment, and other witnesses in defense of the complainant’s complaint.
Under the facts herein related, is the defendant entitled to relief?
If filiation proceedings are governed and regulated by sections 465 and 466 of the Code of Criminal Procedure, even though it might be determined that the perjury of the witness, Anna Kosturik, constituted newly discovered evidence, the defendant would be denied the application on the grounds that it was not *876 timely made as provided by section 466 of the Code of Criminal Procedure within one year from the date of the rendering of the judgment.
Formerly filiation proceedings were held to be of a quasi-criminal nature and the right to appeal was governed by the sections of the Code of Criminal Procedure above referred to. (People v. Colegrove, 63 Hun 635.)
In 1925 the law governing filiation proceedings was set forth in the Code of Criminal Procedure, but in that year a new law was enacted which became article 8 of the Domestic Relations Law of the State of New York. Section 122 of the Domestic Relations Law states, “ for the purpose of this article jurisdiction is conferred upon, the children’s court in the counties where such courts have been established under the children’s court act of the state of New York * * * and the courts heretofore exercising jurisdiction in bastardy cases of the city of New York”.
Section 139 of the Domestic Relations Law states, ‘1 All provisions of the penal law or of the code of criminal procedure or other statutes inconsistent with or repugnant to the provisions of this article shall be considered inapplicable to the cases arising under this article.”
By special act certain counties of the State had established Children’s Courts, but the general act establishing Children’s Courts in each county of up-State New York became effective in 1924. Subdivision 3 of section 6 of the Children’s Court Act, states, “ The court shall have exclusive original jurisdiction in the hearing and determination of the cases of children born out of wedlock in accordance with the provisions of article eight of the domestic relations law. ’ ’
Section 45 of the Children’s Court Act states, “ All provisions of the penal law or code of criminal procedure or other statutes inconsistent with or repugnant to any of the provisions of this act shall be considered inapplicable to the cases arising under this act ’ ’.
It is clear that a filiation proceeding in up-State New York is a civil proceeding and in New York City is treated as criminal in nature, depending upon the court in which the proceeding is initiated. (Matter of Clausi, 296 N. Y. 354; Scruton v. Dziewisz, 284 App. Div. 276; People v. Guley, 281 App. Div. 927.)
Cases arising in the city of New York are still held to be bound by sections of the Code of Criminal Procedure. (Hebberd v. Loeb, 125 App. Div. 579; Commissioner of Public Charities v. O’Keefe, 180 App. Div. 667; Commissioner of Public Welfare v. Simon, 270 N. Y. 188; Feyler v. Mortimer, 299 N. Y. 309.)
*877 . Subdivision 5 of section 45 of the Children’s Court Act also states, “All statutes and' laws, not inconsistent with, these provisions, relating to courts exercising general jurisdiction shall apply with full force and effect, except as herein otherwise specifically provided. ’ ’
If the provisions in the Code of Criminal Procedure are not applicable, then the defendant’s right to a new trial is governed by the rules of civil procedures.
Article 36 of the Civil Practice Act makes provisions for motions for a new trial and section 552 provides that in a case not specified in the three preceding sections, motion for a new trial, etc. (Meyer v. Fiegel, 38 How. Prac. 424.)
It is clear that in the event that new evidence is discovered subsequent to the trial or that the verdict was procured by fraud, perjury or conspiracy, it is proper that a motion, for a new trial should be entertained. Under the Code of Criminal Procedure a motion for a new trial must be made within one year from the date of judgment, but the Civil Practice Act indicates that there is no such limitation in civil matters. There is only one requirement and that is that the moving party has not been guilty of laches after the discovery of the new evidence. (Oakdale Contr. Co. v. City of New York, 262 App. Div. 494; Vernier v. Knauth, 7 App. Div. 57.)
The evidence to warrant the relief must be material and not merely cumulative and of such nature that in all probability it would produce a different result if a new trial was had. ■
Perjured testimony of a material witness may be considered as newly discovered evidence of such weight as to warrant the granting of a new trial. (Buffalo Cold Stor. Co. v. Harding, 214 App. Div. 643.)
Evidence of such recantation upon' the part of a witness is not merely evidence which tends to impeach or discredit a witness. Its character is much more fundamental. It is not that the witness has been newly discovered, but the fact that he has recanted his testimony since the trial, which makes that evidence newly discovered.
The recanting statements present a question for the Trial Judge, who has seen and heard the witness on trial, to determine whether they were of such weight as to justify his setting aside the verdict and granting a néw trial. (People v. Shilitano, 218 N. Y. 161.)
Anna Ktisturik was the only corroborating witness of the complainant in this .pase and her evidence was clear' and convincing. -That.the- court ¡relied greatly upon this’ evidence in finding that *878 the defendant was the putative father of the child born to the complainant, cannot be questioned.
The evidence in question was not brought to the knowledge of the defendant or his attorneys until September, 1956, when the said witness, Anna Kosturik, confessed that the material testimony that she had given in the case was untrue. The. defendant, through his attorney, has seasonably made the application for a new trial and is entitled to the relief sought on said motion. An order vacating the judgment and for a new trial will be granted on presentation.