THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCIS GULEY, Appellant. — Defendant appeals from a final order of filiation made by Broome County Children's Court adjudging him to be the father of complainant's child and directing payment for its support, for medical and hospital bills, and for counsel fees. The child was born April 13, 1949. Complainant was then the wife of John Vasek, whom she divorced October 24, 1949. Instant proceeding was begun August 23, 1951, more than two years after the child's birth. The complaint contained no allegation of a written acknowledgment of paternity or of the furnishing of support by defendant. On that omission defendant predicated the claim of the court's lack of jurisdiction and the assignment of error in the refusal to dismiss the complaint. Testimony was received as to payments by defendant to complainant after the child's birth and until shortly before this proceeding was instituted. Complainant described these payments as made for and applied to her child's benefit. Defendant asserted that they were made because complainant needed money and he was sorry for her. Before complainant's case was concluded, defendant moved to dismiss for failure of proof of paternity and for failure to set out the allegations above referred to. At that time decision on the motion was reserved. At the close of complainant's case the court allowed her "to amend the complaint to conform to the proof as to the fact that support payments have been made for the support of the child, to the complainant." Defendant contends that, as a complaint in a filiation proceeding is essentially a criminal complaint or information, the power of amendment is limited under section 293 of the Code of Criminal Procedure. The complaint in this proceeding is not analogous to an information or indictment. "A filiation proceeding initiated — as the present was — in a children's court, pursuant to the Domestic Relations Law, is civil and noncriminal in nature." (*Matter of Clausi*, 296 N. Y. 354, 355.) Substantially all of the testimony as to the payments were received without objection. The permitted amendment did not introduce a new cause of action, nor did it actually mislead the defendant to his prejudice in maintaining his defense upon the merits (Civ. Prac. Act, § 434). The amendment was properly allowed. There was ample evidence rebutting the presumption of legitimacy, of the furnishing of support, and of defendant's paternity. Order unanimously affirmed, with $25 costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.