■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY J. ARCIERI, Appellant.— This is an appeal from orders of filiation and support of the Chemung County Children's Court. The infant child was not a party to the proceedings and the order finding the appellant the father of the child and ordering him to provide for his support is not a binding adjudication of illegitimacy. It in no way establishes the status of the child. (Commissioner of Public Welfare v. Koehler, 284 N. Y. 260, 267.) Proceedings brought under the Domestic Relations Law in the Children's Court such as this are civil in nature. (People v. Guley, 281 App. Div. 927.) At the trial many witnesses were called but neither the husband of the petitioner nor the defendant appellant testified. In proceedings of this nature the veracity and credibility of the witnesses is of great import and where the lower court has the opportunity of seeing and hearing the various witnesses, observing their demeanor and the manner in which they testify, the appellate courts are reluctant to interfere with the finding of fact. Whether the evidence is sufficient to establish that the defendant is the father of the child, must be resolved from the facts in each individual case. With this in mind we are unable to say from an examination of the record that the findings herein are contrary to the law or against the weight of credible evidence. Orders unanimously affirmed, with $10 costs. A motion was made in this court for the allowance of a

counsel fee to William M. Gallow, Jr., which we find justified and allow $250 counsel fees and necessary disbursements. Present — Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ.