■ ELAINE SCHEMPP, as Administratrix of the Estate of JOHN T. SCHEMPP, Deceased, Appellant, v. CITY OF NEW YORK, Respondent.— Judgment dismissing the complaint upon the granting of defendant's motion to set aside a verdict in favor of plaintiff in the sum of $50,754.05, unanimously reversed, on the law, on the facts and in the exercise of discretion, and a new trial ordered, with costs to abide the event. It does not sufficiently appear that the alleged acts of malpractice were the competent and producing cause of decedent's death. It appearing that plaintiff was unduly restricted in the examination of her medical expert, a new trial should be had in the interests of justice. Concur — Botein, P. J., McNally, Stevens, Eager and Steuer, JJ.

■ In the Matter of THERESA HARRIS, Appellant, v. CHARLES DOLEY, Respondent.— Order, entered on December 26, 1963, dismissing petition in paternity proceeding, unanimously reversed, on the law, without costs, and the proceeding remanded to the trial court for a statement of the facts deemed essential to its determination. The dismissal of the proceeding by the trial court was without the statement of any facts or grounds, and, without knowing the basis for the determination, we are unable to properly review the same. The petitioner in these proceedings was a married woman and, although she had procured a decree of separation from her husband, there was evidence that thereafter she had cohabited with him with the result that he was responsible for an earlier and aborted pregnancy. The woman did testify, however, as to nonaccess for some time prior to and at about the time of the impregnation sought to be charged to respondent, but there was conflicting testimony as to the time and extent of respondent's relations with her. The possibility of access by her husband was an issue required to be determined by the trial court. (See *Moy Mee Soo* v. *Leong Yook Yick*, 21 A D 2d 45; *Matter of Findlay*, 253 N. Y. 1.) The proceeding to establish paternity is a civil judicial proceeding and except where otherwise prescribed by the Family Court Act or by rule of the Administrative Board, the procedure is governed by the appropriate provisions of the Civil Practice Law and Rules. (See Family Ct. Act, § 165; art. 5; CPLR 101, 105, subd. [d].) Therefore, the decision of the court determining such a proceeding following a trial should state the facts it deems essential to support the determination. (CPLR 4213, subd. [b]; see, also, *Mason* v. *Lory Dress Co.*, 277 App. Div. 660; *220-2 East 85th St.* v. *Fastenberg*, 13 A D 2d 724; *Power* v. *Falk*, 15 A D 2d 216; *Sager* v. *Sager*, 21 A D 2d 183.) Where, as here, the evidence bearing upon the pivotal issue of paternity is conflicting and gives rise to varying inferences, and issues of credibility are required to be resolved, the trial court should have stated the essential facts which constituted the bases for its decision. Concur — Botein, P. J., McNally, Stevens, Eager and Steuer, JJ.