Habold L. Wood, J.
By petition dated and verified December 4, 1961, the petitioner herein charged the respondent in the then Children’s Court, County of Westchester, with being the father of Mary E., her out-of-wedlock child born on September 18, 1959 and sought an order of filiation and support.
On December 21, 1961, the respondent appeared before the Hon. Gteobge 0. Beckeb, Judge of said Children’s Court, was arraigned on said petition, advised of his right to counsel and, upon his waiver of counsel and plea of guilty, was adjudged the father of said child and directed to pay $10 weekly for her support, effective January 15, 1962, with the Commissioner of Public Welfare as beneficiary thereof. An order to this effect was signed by the Hon. William A. Walsh, Jb., in place and stead of Judge Beckeb who had unfortunately passed away.
The file in this matter is replete with violations of said order of December 21, 1961 together with warrants issued for the arrest of respondent after failures to appear pursuant to notices. On February 2, 1965, by order of this court (Slifkift, J.) and on his admission and plea of guilty to the allegations of a violation petition, he was committed to the Westchester County Penitentiary for 30 days to be released sooner on payment of $250 on arrears then amounting to $1,590.
On May 6, 1965 he was again arraigned on a violation, again admitted the allegations thereof, was thereupon adjudged guilty by the court (Fiobillo, J.) and again committed to the Westchester County Penitentiary for 90 days, execution thereof being stayed on condition that he pay $25 on May 7, 1965 and thereafter pay the previously ordered $10 weekly plus $10 on arrears established at $1,640 as of March 13, 1965. On his failure to comply therewith a warrant for his arrest and commitment was directed on May 20, 1965.
*859 It was not until October 10, 1967 that respondent was again apprehended by virtue of a detainer warrant lodged against him while he was incarcerated at the Westchester County Jail on another unrelated matter. When he was brought before the court (Walsh, J.) on said detainer warrant, respondent then for the first time stated he was not the putative father as his military service records would prove his sterility not only at the time of petitioner’s impregnation but up to that time.
No such proof was ever brought forth by respondent and, once again and by petition dated June 12, 1969 and verified June 17, 1969, he was charged with a violation of the court’s order of May 6, 1965 and the arrears then, as of June 14, 1969, were $3,950. On September 29, 1969, when arraigned on this violation, respondent, after being advised of his legal rights, entered an admission to the allegations of the petition, judgment was suspended by the court (Bkewstee, J.) and the said order modified to provide that respondent pay $10 weekly for support plus $5 on the arrears, effective October 6,1969.
Once again, when no payments were forthcoming, the respondent was charged by petition dated November 20, 1969 and verified December 1,1969, with a violation of the order of this court of September 29, 1969 and indicating arrears of $4,180 as of November 22, 1969. It was not until March 16, 1970, when finally arraigned on this last violation, that respondent, now represented by counsel made an oral application to reopen the order of filiation entered December 21, 1961. The court (Wood, J.) on March 13,1970 directed the submission of a formal motion to vacate the order of filiation and support and by notice of motion, dated June 3, 1970, said motion was finally made seeking “ an order vacating the orders of filiation and support entered in this proceeding and cancelling all arrears of support payments, or, in the alternative * * * for an order requiring the Petitioner herein * * * the child and the Respondent to submit to one or more blood grouping tests * * * pursuant to Section 532 of the Family Court Act ”.
At the outset, the court notes that, as of December 21, 1961, the date-of respondent’s admission of paternity, he was almost 26 years of age having been born on February 27, 1935. For that reason alone, the facts herein distinguish this case from Matter of Leanna M. (Anonymous) v. Douglas J. (Anonymous) (35 A D 2d 551). In the latter case a blood grouping test was ordered over four years after the order of filiation because the appellate court felt “that appellant (father) and his mother (never) fully comprehended the legal import of waiver of counsel and of the blood test when appellant, a 16-year-old youth *860 admitted paternity (and) considerations of due process may have been impinged. ’ ’ (Citing cases; emphasis supplied.)
Certainly, it cannot be argued that one almost 26 years old needs such solicitous intervention by this court — and this all the more so when one considers all the opportunities afforded respondent at which time he should and could have raised this point before the court, as hereinabove more fully set forth.
It has been held for some time that ‘1 in the absence of a specific statute authorizing a blood test after the trial, the law in New York must be deemed to be ” in opposition to the granting thereof. (Schatkin, Disputed Paternity Proceedings [4th ed.], p. 160.)
Further, even if the court should consider this motion to vacate in the alternative as an application for a new trial on the ground of newly discovered evidence, under CPLR 5015 (subd. [a], par. 2), the respondent would necessarily be out of court.
“ To warrant the granting of a new trial on the ground of newly discovered evidence, the evidence must be: (1) material; (2) not merely cumulative; (3) it must have been discovered since the trial; (4) the failure to produce it at the trial was not due to want of diligence; and (5) it must be of such a nature that in all probability it would produce a different result if a new trial is had. All of the foregoing five requirements must be present, else the motion must be denied.” (“ Anonymous ” v. “ Anonymous ”, 13 Misc 2d 718, 721; emphasis in original.)
It is at once obvious that respondent’s application fails to satisfy the statute both as to (4) and (5). His affidavit in support of his motion (p. 2) states, at paragraph 5 thereof, that “ I believe that I became sterile while serving in the United States Navy and that I was sterile at the time of the birth of Mary E. on September 18, 1959 ”. Evidence of sterility was obtainable prior to the trial since respondent admittedly was in the Navy from 1952 to 1954. His service record, attached to his moving papers as Exhibit B contains no reference to sterility; in fact, respondent himself, in answer to numerous questions on his report of medical history dated March 7, 1952 specifically checked “No” opposite the query as to venereal disease. A further report of medical examination dated March 29, 1954 shows no indication whatsoever of any determination of sterility.
Further, respondent’s facts fail to satisfy requirement (5). The attached statement of Dr. Howard R Seidenstein states only that, as of April 21,1970, the respondent ‘1 has been sterile for many years due to early repeated venereal disease *861 (g.c.) ”. There is no indication whatsoever that the doctor was willing or able to state affirmatively that “ many years ” could include the period of alleged conception, to wit, ‘ ‘ the first week in December, 1958 and ending on or about the 22nd day of November, 1961.” Respondent concedes this uncertainty by stating, in paragraph 9 of his affidavit, that11 it was not possible for a medical doctor to make a more precise determination as to when I had first become sterile. ’ ’
Finally, to permit the vacating of an order of filiation almost nine years thereafter would open a veritable Pandora’s box and the impact upon the stability of court rendered decisions and judgments would be incalculable. In the face of laches of such proportions as here indicated, together with the sworn statement of Peter Davidson, Esq., that the mother “ has permanently left the State of New York and resides somewhere in the South ” and that “ (e)vidence of the respondent’s paternity * * * over this long period has become unavailable ’ ’, and in view of the other reasons hereinabove assigned, the motion to vacate the order of filiation and/or require a blood grouping test is denied in its entirety.