Leon Deutsch, J.
This is an application on an order to show cause, brought by the respondent, seeking various relief, including, inter alia, a paternity hearing, relief from arrears of child support accrued under orders of other courts, and the modification of an order made by a responding court in a proceeding brought by the petitioner pursuant to article 3-A of the Domestic Relations Law, otherwise known as the Uniform Support of Dependents Law (hereinafter referred to as USDL).
Petitioner and respondent were married on November 7, 1965. On February 25, 1966, petitioner gave birth to a daughter. The parties entered into a separation agreement on May 12, 1972, in which the child was acknowledged as being the infant issue of both parties and which provided that the respondent pay the sum of $100 per month for the child’s support.
On September 6, 1972, a divorce was granted to the respondent in New York State Supreme Court, County of Kings. The divorce decree incorporated the provisions of the separation agreement, in which, as indicated above, the child was acknowledged as being the issue of the marriage.
Respondent alleges that on May 10, 1975, in the course of attempting to exercise his visitation right with his daughter, he was told by petitioner that he was not the father of the child, and was denied visitation.
On May 16, 1975, petitioner initiated a USDL proceeding in this court for the purpose of modifying upward the provision for child support as was in effect pursuant to the Kings County Supreme Court divorce decree. That petition was referred to the Domestic Relations Court of Essex County, New Jersey, where respondent then resided. After hearing on *846 September 17, 1975, the Essex County Court ordered that respondent pay $145 per month for the support of his child. The order further provided that if visitation with the child were not allowed to the respondent, application could be made to dismiss the support order.
Pending an enforcement proceeding in Essex County for payment of the aforesaid support order, respondent, on March 15, 1976, brought on this order to show cause made returnable in this court on March 18, 1976, seeking the following relief: (1) that a paternity hearing be held in defense of petitioner’s application for child support pursuant to her USDL petition, on the grounds that petitioner allegedly informed the respondent that the child was not his; (2)(a) relief from arrears on the orders of the Essex County Domestic Relations Court and the Kings County Supreme Court; or alternately (b) the downward modification of respondent’s obligation to support the child as provided in the Essex County order; and (3) an accounting of all child support payments rendered to petitioner; and the use thereof by her.
It is further sought by respondent that all the items of relief requested be litigated in a single proceeding in this court to prevent litigation in several courts of the same or similar issues. Respondent contends, through an interpolation of article 4 of the Family Court Act, article 3-A of the Domestic Relations Law, and CPLR 302 (subd [b]), which provides for continuing jurisdiction over a matrimonial action, that this court has jurisdiction to determine all the issues hereinabove raised.
Indeed, there would be fragmented litigation (the very thing respondent contends ought to be avoided) if this court were to hear and determine facts and issues which were acknowledged and ruled upon previously in the Kings County Supreme Court, and where such acknowledgment was an integral part of the judgment rendered by that court. Respondent’s acknowledgement of the child as being the infant issue of the marriage herein was the very basis for the findings in the divorce action respecting the issues of custody, visitation and support. Furthermore, those findings were similarly the foundation upon which the respondent’s obligation of support was modified upward in the Essex County Domestic Relations Court. (It is important to note that no denial of paternity was made in that proceeding.)
As a matter of both logic and law, the only appropriate *847 forum in which the prior acknowledgment of paternity may now be attacked and refuted (if at all) would be the Kings County Supreme Court. The procedure by which respondent is entitled to reopen a previously determined and acknowledged matter on the basis of new evidence, or upon fraud or misrepresentation, is specifically provided for by CPLR 5015, which provides, in part, to wit:
"R 5015. Relief from judgment or order "(a) On motion. The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with , such notice as the court may direct, upon the ground of: * * *
"2. newly-discovered evidence which, if introduced at the trial, would probably have produced a different result * * *
"3. fraud, misrepresentation, or other misconduct of an adverse party”.
This Statute clearly provides recourse for a party who is aggrieved or affected adversely by any portion of a judgment or order previously rendered.
Assuming, arguendo, that CPLR 5015 were not applicable in the first instance, there is support for this court’s discretion not to exercise jurisdiction over this part of the application regarding paternity. The respondent is attempting to collaterally attack the divorce decree rendered by Supreme Court, in this court, by asserting the invalidity of the agreement which the decree specifically incorporated and adopted. It is the opinion of this court that he should be estopped from doing indirectly in this court what might and should be done directly in another forum. (See Matter of Time v Time, 59 Misc 2d 912.)
Furthermore, strong considerations of public policy mandate that a contest as to paternity of a child sought by a party who previously acknowledged himself to be the father of that child should be had only in rare and extenuating circumstances. To arbitrarily permit a party to question paternity after several years have elapsed since a child’s birth would clearly be disruptive to the fabric of society.
In the case at bar, respondent entered into a separation agreement of his own volition in which he held himself out to be the father of the child, asserted his right to visitation, and undertook to nurture and support her. Now, four years after the date of the agreement, and over 10 years after the birth of *848 the child, and only in defense of a support enforcement proceeding, does he question paternity. Under these circumstances, it would violate all senses of decency for the court to countenance litigation of this matter. (Hill v Hill, 20 AD2d 923; Matter of Time v Time, supra.)
Not only has the respondent herein held himself out as the father since the child’s birth, but even after he allegedly was told by petitioner that he was not in fact the father, he failed to deny paternity before the Essex County Court. We would necessarily have to ignore the facts as they are, and their attendant implications to the child herein, to entertain the respondent’s request for a paternity hearing, and for a blood grouping test with regard thereto. (Matter of Elizabeth E. v Leary, 63 Misc 2d 857.)
In consideration thereof, and of all the facts and circumstances as hereinabove mentioned, the respondent’s application for a paternity hearing in this court must be denied.
With respect to respondent’s application for relief from arrears from the Essex County Domestic Relations Court order, or for the downward modification thereof, it is contended by respondent that this court appropriately has continuing jurisdiction, pursuant to CPLR 302 over both parties herein. Respondent fails to recognize that the petitioner has chosen to proceed by a USDL proceeding, rather than pursuant to the original divorce proceeding and decree. Such an election provides an independent source of jurisdiction upon the responding court over the respondent, unrelated to the continuing jurisdiction attendant to the prior divorce proceeding between the parties. (See Lebedeff v Lebedeff, 17 NY2d 557; also, see, Domestic Relations Law, § 34, subds 1, 2; §§ 35, 37.) There is no provision, however, granting the initiating court the authority to sit as an appellate court to modify, or relieve a party from the order of the responding court. It would clearly be an unfounded abuse of power for the initiating court to sit in such a capacity. Moreover, such action would undermine the intent and purpose of the structural foundation of the USDL machinery.
Clearly, therefore, this court cannot properly entertain respondent’s application for relief from arrears based upon the responding court’s order; nor can this court, for the same reasons, entertain his application to modify the responding court’s order.
Further, there having been no application made for arrears *849 on the basis of the divorce decree issued by Kings County Supreme Court, respondent’s application for vacation therefrom has no viability.
Respondent’s request for an accounting of all support payments received by petitioner, and the use thereof, must be denied, as no issues relating to support and alimony are before this court.
In sum — this court does not have jurisdiction over any of the issues raised by respondent’s order to show cause. Accordingly, the relief sought therein is denied in all respects and the application in its entirety is dismissed.