■ In the Matter of ROBERTA S. MILLER, Respondent, v WALTER E. GORDON, Appellant.—Order unanimously affirmed, without costs. Memorandum: The issue on this appeal is whether an indigent respondent in paternity proceedings is entitled, as a matter of constitutional right, to have Allegany County provide him with counsel at public expense. It is from an order of the Family Court of Allegany County denying such request that respondent appeals. Pointing to the potentially serious effects which an adverse determination in those proceedings could have on him, respondent argues that the constitutional requirements of both due process and equal protection dictate the need for government-supplied counsel. While appellant's arguments are persuasive, we do not feel that they compel this court to expand the parameters of those instances in which counsel must be provided at public expense. Although it is true that an adverse determination could form the basis for potential criminal charges, divorce proceedings and disruption of family relationships, such effects are contingent possibilities, too remote and speculative to require counsel at this stage. The requirement to provide counsel for criminal defendants derives from constitutional provisions. "The underlying principle is that when the State or Government proceeds against an individual with risk of loss of liberty or grievous forfeiture, the right to counsel and due process of law carries with it the provision of counsel if the individual charged is unable to provide it for himself." *(Matter of Smiley,* 36 NY2d 433, 437.) No similar constitutional or statutory provision applies to private litigation. Paternity proceedings in this State are civil, not quasi-criminal as appellant contends. *(Matter of Bido v Albizu,* 36 AD2d 537; *Matter of Harris v Doley,* 22 AD2d 769.) The danger of incarceration would arise only if respondent failed to comply with a support order, not as a direct result of any determination in those proceedings. The arguments raised here are essentially similar to those urged by appellants in *Matter of Smiley (supra)* involving indigent litigants in matrimonial proceedings, and we believe the reasoning in that case is dispositive of the issues here. Were there to be any expansion of the right to counsel at public expense in private litigation, such right should be granted by the Legislature. As succinctly stated by Chief Judge Breitel in *Smiley (supra,* p 441): "this suggests questions of policy and fiscal impact which the courts should not venture to decide, even if they had the power, which they do

not." (Appeal from order of Allegany County Family Court—assignment of counsel.) Present—Cardamone, J. P., Simons, Hancock, Denman and Witmer, JJ.