OPINION OF THE COURT
Allan Dixon, J.
This is a paternity proceeding pursuant to article 5 of the *274 Family Court Act, in which the respondent has moved to have counsel assigned by the court.
The petitioner in this action is the married mother of three minor children. In August of 1976, the petitioner gave birth to a female child shortly after which she applied for public assistance under the New York Aid to Families with Dependent Children category. The petitioner in compliance with the relevant statutes, rules and regulations alleged that the respondent was the putative father of her newborn child. The respondent was registered as a putative father with the State Department of Social Services. Also in compliance with relevant requirements for the obtaining of public assistance, the petitioner assigned any support rights accrued, pending and continuing, which she had against the respondent for the support of her newborn child, to the New York State Department of Social Services and the Rensselaer County Department of Social Services.
On September 14, 1976, the petitioner, with the assistance of the Rensselaer County Department of Social Services, filed a paternity petition in this court naming the respondent, David R., as the father of the child. The respondent, after being granted an adjournment to obtain counsel, secured representation by the Legal Aid Society.
In connection with the present petition, the respondent’s attorney demanded and received a bill of particulars, from which the respondent’s attorney first learned that a conflict of interest existed in regard to his office representing the respondent, in that the Legal Aid Society was also representing the petitioner in a divorce action. The respondent’s attorney promptly moved to withdraw from the instant case and for the appointment of assigned counsel to represent the respondent. The court feels that based on the circumstances presented, the motion to withdraw must be and is granted. However, the granting of the motion to withdraw produces the result that although the respondent is sufficiently indigent to qualify for legal assistance from the Legal Aid Society, he cannot obtain representation by any of the local offices because the conflict of interest which forced his original Legal Aid attorney to withdraw permeates all of the Capital District Legal Aid organizations. In short, with the withdrawal of the respondent’s present attorney, the respondent is without legal counsel, in that the Legal Aid Society cannot represent him and he cannot afford private counsel. The petitioner on the *275 other hand has at all times been represented without charge by attorneys from the Rensselaer County Department of Social Services pursuant to section 535 of the Family Court Act.
The issue in this case is whether, under the due process and equal protection clauses of the State and Federal Constitutions, this court must appoint, at public expense, counsel to represent an indigent respondent in a paternity proceeding where the petitioner receives counsel and/or other "paternity and support services” provided by the State.
Mandatory direction to provide counsel to defendants in criminal proceedings derives in this State from both the State and Federal Constitutions. (Gideon v Wainwright, 372 US 335; People v Witenski, 15 NY2d 392.) The right to such counsel is based on the premise that when either the State or Federal Government proceeds against an individual person and the result of that proceeding may be a grievous loss of life, liberty, or property, due process of law requires that the individual be provided with counsel if he wishes one but cannot afford one. (Gideon v Wainwright, supra; Mempa v Rhay, 389 US 128; People ex rel. Sibert v Cohen, 29 NY2d 12; Matter of Ella B., 30 NY2d 352.)
There is, however, no similar constitutional provision applying to civil litigation (Matter of Smiley, 36 NY2d 433), and it has been held that paternity proceedings in New York are civil in nature. (Matter of Bido v Albizu, 36 AD2d 537; People v Arcieri, 8 AD2d 923.) However, while it is the general rule that private conduct will not invoke the constitutional guarantees of due process, it is also without dispute that in some circumstances, the actions of private citizens can become the actions of the State for purposes of the due process clause, and thus invoke due process rights. (Evans v Newton, 382 US 296; Burton v Wilmington Park Auth., 365 US 715; Adickes v Kress & Co., 398 US 144; Blye v Globe-Wernicke Realty Co., 33 NY2d 15; Sharrock v Dell Buick-Cadillac, 56 AD2d 446.) This exception to the general rule is usually referred to as the "state action” exception.
In the instant case, there is unmistakably clear "state action”. Both the initiation of the proceeding and its continued prosecution are directly controlled by the Commissioner of the Rensselaer County Department of Social Services. Also the facts reveal that before this proceeding was instituted, petitioner was required by both State and Federal law to assign her support rights to the New York State Department of *276 Social Services and the Rensselaer County Department of Social Services. Therefore, the State gains, among other things, a direct monetary interest in the outcome of the litigation.
Beyond the furnishing of counsel and mandatory assignment of the petitioner’s support rights, the State pursuant to title 4-D of the Social Security Act (US Code, tit 42, § 651 et seq.) maintains a vast array of "paternity support services” designed to help establish paternity and to enforce orders of support. Under this scheme, the State makes available to the petitioner, attorneys, interviewers, investigators, clerical and other support staff to assist the petitioner in obtaining and enforcing an order of support.
At least part of this vast State bureaucracy on behalf of the petitioner was brought to bear in the present litigation. Therefore, this court feels that no serious contention can be made that there was an absence of "state action” in this proceeding. The truth is that "state action” permeates to the very marrow of the instant proceeding and is sufficient enough to bring the instant case under the exception to the general rule.
Therefore, this court holds that when, as in the instant case, the petitioner in a paternity proceeding is provided with counsel and/or other "paternity and support services” by the State this is sufficient "state action” to trigger both the State and Federal constitutional guarantees of due process and to mandate that an indigent respondent be afforded the right to counsel at public expense. (Contra Matter of Miller v Gordon, 58 AD2d 1027.)
This case is distinguishable from Matter of Smiley (supra) in that Smiley dealt with the right to assigned counsel in divorce actions in which no significant State action was involved.
In accordance with the provisions of article 18-B of the County Law and the assigned counsel plan of the County of Rensselaer the Public Defender of the County of Rensselaer is assigned to represent the respondent and the matter shall be set down for trial August 3, 1978 at 2:00 p.m.