■ In the Matter of GLORIA K., Appellant, v ROBERT L., Respondent.— Appeal from an order of the Family Court of Schoharie County, entered June 23, 1978, which dismissed petitioner's application to determine paternity. Alleging that she became pregnant and gave birth to a fully mature child out of wedlock on June 10, 1976 as a result of sexual intercourse between herself and respondent, petitioner commenced the instant paternity proceeding in the Family Court of Schoharie County on February 20, 1978. Following a trial of the issue on June 2, 1978 and June 23, 1978, the court summarily dismissed the paternity petition from the bench upon generally concluding that the proof of parentage was not entirely satisfactory so as to be clear and convincing. In so ruling, the court did not make any express findings of fact, however, and this appeal has ensued. We hold that the order appealed from must be reversed. Involved in the resolution of this case are substantial issues of credibility, and the Family Court should have set forth its factual findings which formed the basis of its ultimate decision so that meaningful appellate review thereof could be had. In the absence of such findings we would ordinarily remand the proceeding to the trial court for a statement of the facts which it deemed essential to its determination (see Matter of Gardner v Roddy, 71 AD2d 695; Matter of Harris v Doley, 22 AD2d 769). Here, however, since the Family Court Judge rendered his decision at the close of the evidence on June 23, 1978, which was his last day on the bench before retiring, such a remand is impossible, and there must be a new trial. We reach no other issue. Order reversed, on the law, without costs, and a new trial ordered. Mahoney, P. J., Greenblott, Staley, Jr., Main and Mikoll, JJ., concur.