OPINION OF THE COURT
Raymond J. Barth, J.
The above-captioned matter is presently before this court based upon a petition filed by the Commissioner of Social Services on January 22, 1980, alleging that the respondent has violated an order of support. Said support order, dated May 22, 1978, was made pursuant to an order of filiation of the same date, declaring the respondent to be the father of Adrian Donald Loomis, II. On April 14, 1980, the respondent moved this court for an order pursuant to section 532 of the Family Court Act, requiring the parties and the child to submit to one or more blood grouping tests to determine whether the respondent could be excluded as being the father of Adrian Donald Loomis, II. The respondent brought the motion on the grounds that at the time of his admission of paternity, he was only 17 years old, he was not represented by counsel and that ever since the birth of the child, he has heard constant rumors indicating that he is not the child’s father.
This proceeding has evolved from a lengthy and unusual set of circumstances. On January 17, 1972, the petitioner, Donna Perkins, also known as Donna Bailey, filed a petition alleging the respondent to be the father of Walter M. Loomis, later known as Adrian Donald Loomis, II. The respondent appeared in court without counsel and after being advised of his right to counsel and having waived same, he admitted the allegations of the petition. An order of filiation was entered and the matter was adjourned for a hearing regarding support.
On the return date, some six weeks later, the respondent appeared with counsel. In fact, respondent was represented by two different attorneys in three appearances in 1972.
From January of 1972, until December of 1973, the respondent made eight appearances in court including an appearance on a petition the respondent filed to obtain *503 increased visitation with his child. Throughout this period, neither of the respondent’s attorneys moved to reopen the filiation order or to demand a blood grouping test.
In March of 1978, a second petition was filed against the respondent, alleging that he was the father of Adrian Donald Loomis, II. The respondent had previously admitted to being the father of this child, who was then known as Walter M. Loomis, on January 17, 1972. This second paternity petition was brought by the Department of Social Services on behalf of Donna Perkins. The court had no knowledge of the prior filiation proceeding at that time and the Department of Social Services’ rationale for instituting a second filiation proceeding regarding the same child and the same parties has not been disclosed to this court.
The respondent appeared in this court without counsel on May 22, 1978 and was informed that he was entitled to be represented by a lawyer. The respondent then admitted the allegations contained in the petition and an order of filiation was entered accordingly.
The respondent now claims, based upon rumors he has heard continuously from the time the child was born, that he is not the father of said child. Prior to the filing of the instant violation of support petition, the respondent appeared before the court on a total of nine- occasions over a period in excess of six years. At no time did the respondent deny or dispute the determination that he was the father of the child. On the contrary, during this period he admitted he was the father of the child in two paternity proceedings, he supported the child and he actively sought and obtained visitation rights regarding the child.
In his moving papers, the respondent indicated that he was 17 years old when he initially made his admission of paternity. This raises the implication that the blood grouping test should be permitted because the respondent was a minor at the time of admission. The young age of a respondent has been considered a factor in permitting a blood grouping test, subsequent to an admission of paternity. (Matter of Leanna M. v Douglas J., 35 AD2d 551.) However, the respondent in the instant proceeding has ad *504 mitted paternity twice. The second admission was made when the respondent was 24 years of age, thereby negating the contention that the respondent was an immature minor at the time of his admission. (Matter of Elizabeth E. v Leary, 63 Misc 2d 857.)
The respondent also contends that the blood grouping test should be ordered because he was not represented by counsel during the previous proceedings. This contention is not supported by the facts in this matter; the respondent was represented by two attorneys in the initial paternity proceeding. Although the respondent was not represented by counsel at his first court appearance wherein he admitted paternity, the record indicates that he was advised of his right to counsel at that time. In fact, the respondent had no explicit right to counsel in 1972 in that a paternity proceeding was held to be a civil action. (Matter of Bido v Albizu, 36 AD2d 537; Matter of Miller v Gordon, 58 AD2d 1027; Besharo v. Practice Commentaries, McKinney’s Cons Laws of NY, Look 29A, Family Ct Act, § 262, p 200.)
Section 262 of Lve Family Court Act was amended, effective July 1, 1978, to include the right to counsel for respondents in paternity proceedings. This amendment became effective subsequent to both paternity proceedings and contains no direction by the Legislature that it is to be applied retroactively. Absent a clear expression of legislative intent to the contrary, amendatory statutes are to be given prospective application only. (Matter of Mulligan v Murphy, 14 NY2d 223; McKinney’s Cons Laws of NY, Book 1, Statutes, § 52.) Therefore, this amendment is inapplicable to the proceeding herein. To hold otherwise could result in a deluge of unmeritorious petitions being filed by disgruntled respondents who appeared without counsel prior to the enactment of this amendment.
The respondent further contends that he has heard constant rumors since the child was born that he is not the father of the subject child. The court cannot justifiably take cognizance of this contention in light of the peculiar circumstances of this matter. During the eight-year period since the child was born, the respondent has supported the child and visited with the child, albeit sporadically, and *505 voluntarily acknowledged himself to be the child’s father. As the Family Court of Kings County stated in Matter of Diann P. v Gene P. (86 Misc 2d 844, 847): “strong considerations of public policy mandate that a contest as to paternity of a child sought by a party who previously acknowledged himself to be the father of that child should be had only in rare and extenuating circumstances. To arbitrarily permit a party to question paternity after several years have elapsed since a child’s birth would clearly be disruptive to the fabric of society.”
Accordingly, it is ordered that the respondent’s motion requesting the petitioner, respondent and subject child to submit to one or more blood grouping tests is hereby denied; and it is further ordered that this matter be set down for further proceedings on the question of violation of support on the 27th day of October, 1980, at 9:30 A.M. in the forenoon of that day.