OPINION OF THE COURT
John A. Milano, J.
issue:
Is an indigent respondent landlord in a civil proceeding in Housing Court, facing punishment for contempt of court, entitled, as a matter of law, to “assistance of counsel” pursuant to the provisions of the Sixth Amendment and section 6 of article I of the Constitutions of the United States and the State of New York, respectively?
This court answers the question in the affirmative.
proceedings:
Department of Housing Preservation and Development (DHPD) moves by order to show cause pursuant to section D26-53.07 of the Administrative Code of the City of New York (Housing Maintenance Code), CPLR 5104 and article 19 of the Judiciary Law, to punish the respondent landlord for criminal contempt of court (Judiciary Law, § 751) by imprisonment for a definite period not to exceed 30 days and a fine of $250 for each separate contempt and for civil contempt of court by remand to and imprisonment in civil jail (Judiciary Law, § 774) for each separate contempt in regard to the alleged failure of the said respondent landlord to comply with the order of this court entered on June 30, 1982 and for such other and further relief as this court *1014 may deem just, proper and equitable under the circumstances. The premises are located at 163-20 108th Avenue in Jamaica, in the Borough of Queens consisting of a multiple dwelling, with four apartment units with an assessed valuation of $11,800 and with tax arrears in the sum of $944.02 pending for the last four tax quarters. The respondent had entered into a consent order in which he agreed to correct certain violations at the subject premises by September 30, 1982. The DHPD alleges that an inspection of these outstanding violations was made on November 26, 1982 and that 11 violations remain uncorrected. DHPD further alleges that the refusal of the said respondent to obey said order, was calculated to and actually did defeat, impair, impede and prejudice the petitioner in its efforts to have the subject premises restored to minimum housing standards and that this refusal to obey said order was willful. The respondent landlord appeared in court on the return day and stated that he was without an attorney, that he wanted an attorney to represent him and that he could not afford an attorney.
the law:
In general, every defendant in a criminal case has the statutory and constitutional right to the assistance of counsel. (People v Cunningham, 2 Misc 2d 162; People v Blake, 35 NY2d 331; US Const, 6th Arndt; NY Const, art I, § 6.) And this right to assistance of counsel is inviolable and fundamental. (People v Settles, 46 NY2d 154.)
And an indigent criminal defendant is entitled to receive substantially the same assistance of counsel as one who can afford to retain an attorney of his choice. (People v Gonzalez, 47 NY2d 606, on remittitur 74 AD2d 928.) And although a State has a significant interest in investigating and prosecuting criminal conduct, that interest cannot override the fundamental right to an attorney guaranteed by section 6 of article I of the New York State Constitution. (People v Rogers, 48 NY2d 167.) Thus, the requirement to provide counsel for criminal defendants derives from constitutional provisions; the underlying principle is that when State or government proceeds against an individual with risk of loss of liberty or grievous forfeiture, right to counsel and due process of law carries with it provision of *1015 counsel if the individual charged is unable to provide it for himself; however no similar constitutional or statutory provisions apply, generally, to private or civil litigation. (Matter of Madeline G. v David R., 95 Misc 2d 273; Matter of Miller v Gordon, 58 AD2d 1027.)
It is not disputed that the instant proceedings to punish for contempt are civil in nature rather than criminal. But the distinguishing and significant difference in substance between these proceedings and other civil or private actions is that if the respondent herein, if found by this court to be in criminal and civil contempt of its order, said respondent may be deprived of his physical liberty. (See N. A. Dev. Co. v Jones, 114 Misc 2d 896, affd NYLJ, Nov. 4, 1982, p 5, cols 1, 2 [App Term, 1st Dept], which stated: “We note only that the same act can be both a criminal and a civil contempt, and that petitioner Blume’s personal liability for criminal and civil contempt of the order of May 13, 1981 is well established on this record. While civil contempt fines must be remedial in nature and effect (State of New York v. Unique Ideas, Inc., 44 N.Y.2d 345), punitive jailing for a civil contempt is permissible for a 'reasonable time’ not to exceed six months, where, as here, coercive imprisonment is not feasible (Judiciary Law Sec. 774, subd. 1; compare King v. Barnes, 113 N.Y.476 with Ditomasso v. Loverro, 242 App. Div. 190; see also, Siegel, New York Practice, Sec. 482).”)
FEDERAL CIRCUIT AND DISTRICT COURT rulings:
On February 4, 1983, the Second Circuit Court of Appeals (Oakes, J., with the concurrence of Van Graafeiland and Meskill, JJ.), in the case of United States v Bobart Travel Agency (699 F2d 618), ruled that in civil contempt proceedings, where witnesses may be jailed for failure to obey court orders, they are entitled to the assistance of counsel and if the witnesses are indigent, Judges must appoint lawyers for them. The Bobart case holding resulted from an appeal from an order of the United States District Court for the Northern District of New York by Chief Judge Howard G. Munson, who held the appellant Robert L. Bennett in civil contempt for failure to produce certain documents pertaining to the tax liability of *1016 Bobart Travel Agency in compliance with an internal revenue summons.
The Bobart decision cites Matter of Di Bella (518 F2d 955, 958-959), holding that under section 1826 of title 28 of the United States Code (recalcitrant witness in court or Grand Jury proceedings) an individual is entitled to counsel in a civil contempt proceeding. And if indigent, he is entitled to appointed counsel. (See Lassiter v Department of Social Servs., 452 US 18, 25-27.) Circuit Judge Van Graafeiland held in the Di Bella case (supra) that the right to counsel must be extended to a contempt proceeding be it civil or criminal, where the defendant is faced with the prospect of imprisonment.
In the case of Argersinger v Hamlin (407 US 25, 37), the court held that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor or felony, unless he is represented by counsel at his trial. Circuit courts have extended this rationale to contempt proceedings, civil or criminal. (United States v Sun Rung Kang, 468 F2d 1368; Matter of Kilgo, 484 F2d 1215; Henkel v Bradshaw, 483 F2d 1386.)
conclusion:
On the judicial precedents cited herein, it is undoubtedly and reasonably clear in the judgment of this court that an indigent respondent who faces the prospect of imprisonment in a civil contempt proceeding is entitled to the assistance of counsel and this court holds that under such circumstances, it is required and mandated, as a matter of law, to assign counsel to assist, advise and participate in these proceedings in behalf of the respondent. In the furtherance and implementation of this decision, this court adjourns these proceedings to March 14, 1983, wherein an “inquiry” on the record will be conducted on the indigent status of the said respondent.