In the Matter of ROBERT L. REIDY, on Behalf of PATRICIA YY., Respondent, v THOMAS ZZ., Appellant.*

Third Department, December 5, 1985

* Names used herein are fictitious for purposes of publication.

APPEARANCES OF COUNSEL

*Robert J. Krzys* for appellant.

*Robert N. Going* for respondent.

**OPINION OF THE COURT**

MAIN, J.

In 1975, Patricia YY., in a privately presented paternity petition charged respondent with being the father of a child born to her on May 18 of that year. Family Court determined that respondent was the father of the child and, by order of August 5, 1976, ordered respondent to pay the sum of $30 per week for the support of the infant and the sum of $5 per week on the arrearage. Respondent has never made any support payments of any kind despite this direction.

The instant proceeding was instituted by petitioner, the Administrator of the Montgomery County Support Collection Unit, to compel respondent to make these payments called for in the 1976 order. In his answer, respondent set forth three affirmative defenses and cross-petitioned the court for a reconsideration of the issues which had previously been considered and determined in the 1976 paternity proceeding. The three affirmative defenses, distilled down, were (1) that he was denied his right to assistance of counsel and of due process in the paternity proceeding, (2) that a new trial was warranted because of the unavailability in 1976 of the human leucocyte antigen (HLA) test, a recently developed and extremely effective test in measuring exclusionary results, and because of newly discovered evidence, and (3) that the enforcement of the 1976 support order was barred by laches. Petitioner then

moved to dismiss the affirmative defenses and the cross petition for reconsideration as barred by the doctrine of res judicata. Family Court granted the motion in its entirety and, following a brief hearing, during which respondent conceded his failure to obey the 1976 support order, ordered respondent to comply with same and placed respondent on probation for six months. This appeal ensued.

Initially, we note that respondent was represented by counsel for several weeks prior to the trial date, and that counsel filed an answer, made demand for a bill of particulars and for a blood test in respondent's behalf and continued to represent him up until two weeks before the trial, when he withdrew only because of respondent's failure to cooperate. Moreover, although the minutes of the initial proceeding are unavailable, the Family Court Judge, who presided during both the initial proceeding as well as the one at bar, concluded in his decision in the instant matter that respondent was made aware of his right to counsel or to have counsel assigned if he was unable to retain counsel.

■ All this aside, we conclude that respondent's assumption that the right to counsel attached during the 1976 proceeding is ill-founded and incorrect. Prior to July 1, 1978, the effective date of the amendment to the Family Court Act giving respondents in paternity proceedings the right to counsel (Family Ct Act § 262 [a] [viii]), there was no such right. The requirement to provide counsel for criminal defendants derives from constitutional provisions. "The underlying principle is that when the State or Government proceeds against the individual with risk of loss of liberty or grievous forfeiture, the right to counsel and due process of law carries with it the provision of counsel if the individual charged is unable to provide it for himself" (Matter of Smiley, 36 NY2d 433, 437; see, Matter of Miller v Gordon, 58 AD2d 1027). No similar constitutional or statutory provision applies to private litigation. Paternity proceedings in this State are civil in nature (see, Matter of Miller v Gordon, supra; Matter of Bido v Albizu, 36 AD2d 537, lv denied 28 NY2d 486). As pointed out in Matter of Miller v Gordon (supra, p 1027), and equally applicable in this case, "[t]he danger of incarceration would arise only if respondent failed to comply with a support order, not as a direct result of any determination in those proceedings". The 1976 proceeding was not a State proceeding, having been brought by the infant's mother, and it did not involve the loss of liberty and was civil in nature. Accordingly, we conclude that the right to

counsel did not attach to the 1976 proceeding and, even if we were to conclude otherwise, respondent was made aware of the right and waived it. Finally, on this issue, we decline to retroactively apply Family Court Act § 262. The amendment contains no direction that it is to be applied retroactively. Absent a clear expression of legislative intent to the contrary, amendatory statutes are to be given prospective application only *(Matter of Mulligan v Murphy,* 14 NY2d 223; McKinney's Cons Law of NY, Book 1, Statutes § 52). Moreover, to apply the amendment retroactively would spread a veil of doubt over all preamendment paternity proceedings where the respondent was not provided with counsel and would be contrary to the public interest.

We next find that a new trial was not warranted so as to permit the administering of the HLA test for the same reasons cited by this court in *Hrouda v Winne* (77 AD2d 62). Nor did Family Court err in denying a new trial so as to permit respondent to introduce the so-called new evidence, i.e., the results of a sterility test recently administered, which allegedly demonstrated that respondent is sterile. Though conceding that there is no way of knowing whether his sterility occurred before or after the child born in 1975 was conceived, respondent argues that this evidence entitles him to a new trial. Not surprisingly, respondent cites no authority for this contention. As Family Court found, the recently administered sterility test was of no probative value as to whether respondent could have fathered a child some 8 or 9 years previous.

Lastly, we find that Family Court properly held that the defense of laches was unavailable. Family Court Act § 517 (b) provides that a public welfare official, such as petitioner, must bring a paternity proceeding within 10 years of the child's birth. While the instant proceeding is one to enforce a support order and is not a paternity proceeding, the application of common sense and logic dictate the conclusion that the instant proceeding may be commenced within the same time span. Moreover, the doctrine of laches is peculiar to actions in equity and does not operate to bar actions at law *(see, Department of Social Servs. v Dinkins,* 110 Misc 2d 673). Accordingly, the order should be affirmed.

MAHONEY, P. J., WEISS, YESAWICH, JR., and HARVEY, JJ., concur.

Order affirmed, without costs.