■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES REED, Appellant. [709 NYS2d 764] —Order unanimously reversed on the law, motion granted and matter remitted to Monroe County Court for resentencing in accordance with the following Memorandum: Defendant contends that County Court erred in failing to grant his motion pursuant to CPL 440.20 to set aside as illegal the sentence of imprisonment imposed in 1954 on his conviction of rape in the first degree. We agree. Defendant established that, when he was sentenced in 1954 to a term of imprisonment of one day to life, no hearing was conducted to afford him the opportunity to rebut the People's psychiatric proof or to submit his own psychiatric proof. Furthermore, the 1954 psychiatric report regarding defendant was inadequate because it failed to "discuss and analyze the defendant's sexual problem and [state] whether such condition was of a type which would yield to treatment" (People v Kearse, 28 AD2d 910). Under those circumstances,

the procedure used in sentencing defendant to one day to life pursuant to former Penal Law § 2189-a failed to pass constitutional muster and the sentence therefore must be vacated (*see, People v Bailey*, 21 NY2d 588).

We further conclude that the court erred in denying defendant's motion on the ground that it was barred by the doctrine of laches. Laches is an equitable remedy and generally does not bar an action at law (*see generally, Matter of Reidy v Thomas ZZ.*, 113 AD2d 281, 284, *lv dismissed* 68 NY2d 910). In any event, the doctrine of laches is inapplicable because the People did not assert that they were prejudiced by the delay (*see generally, Eagle Comtronics v Pico Prods.*, 256 AD2d 1202, 1203; *People v Bell*, 179 Misc 2d 410, 416).

The People concede that defendant's psychiatric condition is not susceptible to treatment and that, in any event, whatever treatment "program" existed under the statutory scheme in 1954 no longer exists. They further concede that, in releasing defendant on parole, the Parole Board has determined that he does not require segregation from society. Thus, defendant cannot be resentenced pursuant to former Penal Law § 2189-a, which was "limited to those cases in which the record indicat[ed] some basis for a finding that the defendant [was] a danger to society or [was] capable of being benefited by the confinement envisaged under the statutory scheme" (*People v Bailey, supra*, at 594). Consequently, we reverse the order, grant the motion and remit the matter to Monroe County Court for resentencing pursuant to former Penal Law § 2010. (Appeal from Order of Monroe County Court, Marks, J.—CPL art 440.) Present—Pigott, Jr., P. J., Green, Kehoe and Lawton, JJ.